605 So.2d 153 (1992)
James McINNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1674.
District Court of Appeal of Florida, Fourth District.
September 9, 1992.
*154 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions and sentence with the exception that we remand with directions that the provision for restitution be stricken, or, alternatively, that an evidentiary hearing be conducted to determine the ability of appellant to pay restitution, followed by findings and a conclusion based thereon. Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991).
We find no reversible error and specifically reject appellant's contention that he was improperly convicted for the separate offenses of grand theft of a motor vehicle and grand theft of the merchandise in the motor vehicle at the time it was stolen. In this case the merchandise was thousands of dollars worth of clothing. See State v. Getz, 435 So.2d 789 (Fla. 1983) (separate convictions proper for theft of firearm and theft of other personal property taken in single burglary). We disagree with appellant's contention that a motor vehicle is the equivalent of the purse involved in Johnson v. State, 597 So.2d 798 (Fla. 1992), wherein it was held that the theft of a purse could only be charged as a single crime, even though the purse contained a firearm in addition to other property. While a purse serves the single basic function of a container, a motor vehicle has a variety of functions. Based upon this distinction, and the holding in Getz, we affirm the separate convictions and sentences.
GLICKSTEIN, C.J., and ANSTEAD J., concur.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
I concur only to point out that the alternative that we proscribe should be exercised by the trial judge at his discretion.