711 So.2d 1343 (1998)
Ivan VARELA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3633.
District Court of Appeal of Florida, Third District.
June 10, 1998.
*1344 Guy W. Turner, Coral Gables, for appellant.
Robert A. Butterworth, Attorney General and Maya Saxena, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER and SHEVIN, JJ.
GREEN, Judge.
Ivan Varela appeals the denial of his post conviction motion made pursuant to Florida Rules of Criminal Procedure rule 3.850 to vacate or to set aside his sentence for armed robbery with a firearm after a jury trial on the grounds that his counsel failed to accurately communicate the state's pretrial plea offer. We conclude that the lower court's finding to the contrary is supported by competent evidence in the record. Accordingly, we affirm.
Just prior to the start of jury selection, the state offered Varela a plea of seven years as an habitual offender with a three year minimum mandatory pursuant to its previously filed notice of enhancement. During a discussion of this plea offer in open court with Varela present, the trial court noted that the maximum sentence which could be imposed upon Varela's conviction would be life imprisonment, and that life meant life. When the lower court refused Varela's request to undercut the state's offer by a lesser prison term, Varela requested a one day continuance of the trial to consider the state's offer. The lower court denied Varela's request for continuance but permitted Varela to conference privately in the jury room with his attorney about the state's offer. After this conference, Varela returned to the courtroom and declined the plea offer and proceeded to trial. He was convicted as charged and sentenced to twenty five years in state prison with a three year minimum mandatory sentence to be followed by twenty five years probation. Varela's subsequent appeal of his conviction and sentence was affirmed by our court.
Varela then timely filed a motion to vacate and/or set aside the sentence pursuant to Rule 3.850 based upon his contention that his trial counsel had misinformed him as to the merits of the state's plea offer. After this motion was amended, the lower court conducted an evidentiary hearing. During this hearing, Varela testified and denied any recollection of the trial court or his defense counsel advising him of the possibility of a life sentence. Varela further testified that his trial counsel had opined that in the event of a conviction, Varela would in all likelihood receive a ten year imprisonment sentence, which was not significantly greater than the state's seven year plea offer. For this reason, as well as his counsel's belief that the state's case was weak, Varela claims he rejected the state's offer.
*1345 Varela's trial counsel testified that although he had communicated his belief to Varela that he might likely receive a ten year imprisonment term if convicted, he had also informed Varela on numerous occasions of the possibility of an enhanced sentence of up to life imprisonment prior to Varela's rejection of the state's offer.[1] The trial court denied Varela's 3.850 motion and this appeal followed.
We affirm the lower court's denial of the motion for post coviction relief under Rule 3.850. Although the failure of defense counsel to correctly communicate a plea bargain has been found to constitute ineffective assistance of counsel, see Gonzales v. State, 691 So.2d 602, 603 (Fla. 4th DCA), review denied, 700 So.2d 685 (Fla.1997) (citation omitted), we believe that there is competent substantial evidence in the record to support the lower court's conclusion that Varela was not misinformed about the state's plea offer in this case. To obtain relief under rule 3.850 for counsel's purported failure to properly communicate a plea bargain, a criminal defendant "must prove his counsel failed to communicate a plea offer or misinformed him concerning the penalty he faced, that had he been correctly advised he would have accepted the plea offer, and that his acceptance of the state's plea offer would have resulted in a lesser sentence." Young v. State, 608 So.2d 111, 113 (Fla. 5th DCA 1992)(footnotes omitted). The record evidence before us clearly supports the lower court's conclusion that Varela's trial counsel duly informed him of the state's offer and that Varela emphatically rejected the same even prior to his counsel's expressed opinion that Varela would probably receive a ten year sentence from the lower court upon conviction. Simply put, the record does not support Varela's contention that this case involves a miscommunicated or misunderstood plea offer. Rather, the record before us indicates that Varela affirmatively rejected the state's plea offer and gambled either on being acquitted of the charge or on the trial court being more lenient in its sentencing. In either scenario, Varela lost that gamble and will not now be allowed to complain. See Abella v. State, 429 So.2d 774, 777 (Fla. 3d DCA 1983).
Affirmed.
NOTES
[1] At the hearing, the defense counsel testified as follows:

[PROSECUTOR]: But as you stated you also discussed with him that there certainly was the possibility that [a sentence not significantly higher than seven years] would not occur and the ultimate penalty could be life?
[DEFENSE COUNSEL]: Yes.
[PROSECUTOR]: And you said to him, Do you want to take the seven years?
[DEFENSE COUNSEL]: Well, we discussed whether or not he wanted to take the offer. We discussed the things I just talked to you about regarding the strengths and weaknesses of the State's case and things I just mentioned. It was my recommendation that we proceed to trial.
[PROSECUTOR]: Did you ask him if he was interested in taking the seven year sentence?
[DEFENSE COUNSEL]: Absolutely.
[PROSECUTOR]: Did he say, "I ain't taking no seven years," quote, unquote?
[DEFENSE COUNSEL]: He said that when the offer was first conveyed prior to even going into the jury room. He said that to me right at counsel table, then we had some more discussions about it.
[PROSECUTOR]: Finally let me just emphasize that from the moment that you received the State's Notice of Intent to Seek Enhanced Penalty you advised your client on many occasions, many conversations with your client about the fact that he was qualified as an habitual offender and could receive an enhanced penalty?
...
[DEFENSE COUNSEL]: Like I said before as in every criminal case when there is Notice to Enhance I tell my clients what their exposure is. There is lots of situations where the exposure is life, but they don't receive life.
Yes, we did discuss the maximum penalities under the law.