JOANOS, J.
Appellant, Keith Wilkinson, appeals an order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Wilkinson alleged ineffective assistance of counsel predicated on three grounds: (1) counsel’s failure to suppress an involuntary confession; (2) counsel’s failure to investigate the basis for the added charge of kidnapping; and (3) counsel’s failure to present an affirmative defense. We affirm the trial court’s ruling with regard to the first two ineffective assistance of counsel claims, as we find these claims to be meritless. However, we reverse the order insofar as it denies relief with regard to the third claim of ineffective assistance of counsel, and remand for further proceedings.
With regard to ground three, appellant alleged that counsel failed to investigate and pursue a voluntary intoxication defense. The factual allegations in this regard are facially sufficient to state a claim of ineffective assistance of counsel. Appellant alleged his counsel was aware of appellant’s mental illness, and of his intoxication from alcohol and valium both before and after his arrest. Appellant further alleged that his counsel misinformed him regarding the law and its relation to the facts of the case. In his properly sworn memorandum, appellant alleged that his family notified counsel concerning appellant’s odd behavior, which they had observed before and after appellant’s arrest. Included in the exhibits to the post-conviction motion are handwritten affida *725 vits submitted by appellant’s parents and his sister. These affidavits indicate that appellant began binge drinking after his wife left him, and also state that appellant was deeply depressed. The record contains other indications of appellant’s mental illness, including a period of adjudication of incompetency.
Appellant was charged with armed robbery, armed kidnapping, and possession of a short barreled shotgun. “Voluntary intoxication is a recognized defense to the specific intent crimes of kidnapping and armed robbery.” See Hester v. State, 732 So.2d 331, 332 (Fla. 1st DCA 1998).
The trial court denied the subject motion for post-conviction relief based on the court’s finding that the motion was successive. In addition, the trial court stated that no justification had been shown for the failure to raise the current issues in the first rule 3.850 motion. The trial court’s reference was to appellant’s previous motion for post-conviction relief which was filed February 10, 1998. The previous motion, which also raised claims of ineffective assistance of counsel, was denied March 2, 1998; the ruling on the first motion was affirmed by this court on October 1,1998.
Appellant moved for rehearing of the denial of the instant motion. In his rehearing motion, appellant correctly stated that the trial court overlooked that this court’s affirmance cited Black v. State, 610 So.2d 89 (Fla. 1st DCA 1992). See Wilkinson v. State, 742 So.2d 295 (Fla. 1st DCA 1998). The citation to Black was an indicator that this court affirmed the trial court’s denial due to the legal insufficiency of the unsworn prior motion, but this court did not rule on the merits of the claims raised in the first motion. Since this court’s affirmance of the earlier denial was not based on the merits of appellant’s claims, the present motion cannot be regarded as successive. In the order denying the motion for rehearing, the trial court pointed out that in the order denying the first motion, the court noted for the record that the motion was facially insufficient, but the court ruled on the merits of the claims, and this court affirmed that ruling.
The trial court is correct that in the order which was the subject of the earlier appeal, the trial court ruled on the merits of the allegations set forth in the first motion. Nevertheless, this court did not do so. Rather, this court affirmed the prior ruling due to the facial insufficiency of the unsworn motion. Consequently, the current motion here at issue is not barred as successive. Because the instant motion has not been considered on the merits, we reverse and remand for further proceedings as to the allegations that appellant’s counsel was ineffective in failing to investigate and to pursue a voluntary intoxication defense.
Accordingly, we reverse only that portion of the order which denies relief with regard to allegations concerning counsel’s failure to investigate and to pursue a voluntary intoxication defense. On remand, the trial court is directed to attach portions of the record reflecting that this allegation is without merit, or to conduct an evidentiary hearing. In all other respects, the subject order is affirmed.
WOLF and BENTON, JJ., CONCUR.