757 So.2d 608 (2000)
Gerald Thomas WEBB, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3523.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
*609 Gerald Thomas Webb, Bowling Green, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Webb appeals from the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We ordered the state to respond to issues one and thirteen in Webb's motion, but found the others correctly determined by the trial court.
In issue one, Webb argued his trial counsel was ineffective for failing to correctly inform him of the consequences of standing trial and the length of possible sentences, which caused him to reject a favorable plea offer. The state responded that Webb waived this issue because he did not properly plead this point in his initial brief, but merely referred to it in his motion. We do not think Duest v. Dugger, 555 So.2d 849 (Fla.1990), is on point regarding waiver, as it involved an order denying a post-conviction motion after an evidentiary hearing. Florida Rule of Appellate Procedure 9.140(j) provides that no briefs are required in appeals from orders denying post-conviction relief without an evidentiary hearing. Review of summary proceedings is limited to the record and the issue is whether the record conclusively shows the appellant is not entitled to relief and whether the claims are facially invalid. See Peede v. State, 748 So.2d 253 (Fla.1999).
In this case, Webb sufficiently alleged that had it not been for his attorney's misadvice, he would have received a lesser sentence than the one imposed. We conclude that the allegations are legally sufficient to require the trial court to either attach portions of the record conclusively refuting the claim or hold an evidentiary hearing.
*610 In issue thirteen, Webb claimed his trial counsel was ineffective for failing to object to comments made by the prosecutor which improperly bolstered the state's witness. The state attached to its response the entire closing argument and claims the trial court correctly denied Webb's claim, after reviewing the closing comments and considering the totality of the argument. However, the trial court did not attach the entire closing argument and the court's failure to do so cannot be cured by the state. See Core v. State, 685 So.2d 91 (Fla. 4th DCA), rev. denied, 695 So.2d 699 (Fla.1997); Worthington v. State, 667 So.2d 1023 (Fla. 5th DCA 1996).
It appears from the portions of the closing arguments attached by the trial court that the prosecutor repeated several times that the victim was telling the truth. That could be highly prejudicial because the proof against Webb rested entirely on the victim's testimony and similar fact evidence. The charged lewd and lascivious assaults had occurred years earlier, and there was no physical evidence to support the charges. Thus, Webb has stated a facially sufficient claim which requires the trial court to either attach portions of the record conclusively refuting the claim, or hold an evidentiary hearing.
Accordingly, we affirm as to issues two through twelve, and fourteen through twenty, but reverse and remand as to issues one and thirteen for the purposes stated above.
AFFIRMED in part, REVERSED and REMANDED in part.
COBB and HARRIS, JJ., concur.