766 So.2d 1095 (2000)
Dieu-Vieu ERISTMA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-758.
District Court of Appeal of Florida, Second District.
August 9, 2000.
*1096 PER CURIAM.
Appellant Dieu-Vieu Eristma challenges the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Eristma raised four possible grounds for relief. We affirm the trial court's order as to three of the grounds, but reverse and remand for an evidentiary hearing on the remaining ground.
On August 2, 1996, the State charged Eristma with six counts of sexual battery on a victim less than twelve years old and two counts of sexual battery by a familial/custodial authority. Eristma pleaded not guilty to all counts. At some point prior to trial, the State made a plea offer to Eristma through defense counsel. The complete terms of the offer are not in the record, but Eristma alleges that the sentence offered was ten years. Following a discussion with defense counsel, Eristma rejected this offer. A jury subsequently found Eristma guilty on all counts, and the trial court sentenced him to six consecutive life terms and two consecutive thirty-year terms.
Eristma's motion raises four grounds for relief: (1) ineffective assistance of defense counsel resulting in Eristma's rejection of the plea offer; (2) error by the State in failing to provide its plea offer in Eristma's native language and in failing to advise the trial judge of the plea offer under Florida Rule of Criminal Procedure 3.171; (3) error by the trial court in failing to determine whether Eristma had voluntarily rejected the State's plea offer; and (4) error in closing arguments when the prosecutor expressed his own opinions concerning the credibility of various witnesses. We affirm the trial court's order summarily denying Eristma's motion as to grounds two, three, and four without discussion. As to ground one, however, the trial court's summary denial must be reversed.
Failure to properly convey a plea offer can constitute ineffective assistance of counsel. See Cottle v. State, 733 So.2d 963 (Fla.1999); Shingleton v. State, 759 So.2d 713 (Fla. 2d DCA 2000); White v. State, 731 So.2d 74, 75 (Fla. 2d DCA 1999). In order to state a prima facie case of ineffective assistance of counsel based on the rejection of a plea offer, the defendant must allege (1) that counsel failed to communicate a plea offer or misinformed the defendant concerning the penalties faced; (2) that the defendant would have accepted the plea offer but for the inadequate communication; and (3) that acceptance of the plea offer would have resulted in a lesser sentence. See Cottle, 733 So.2d at 967; Lewis v. State, 751 So.2d 715, 717 (Fla. 5th DCA 2000); Garcia v. State, 736 So.2d 89, 89-90 (Fla. 4th DCA 1999). Prejudice to the defendant, required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is inherent in the defendant's inability to make an informed decision concerning whether to accept the plea offer. See Cottle, 733 So.2d at 969.
In Eristma's motion, he alleges the following facts. He is a Haitian national who cannot read or speak English and who can understand only limited English. Prior to trial, defense counsel told Eristma through an interpreter that the State had offered a sentence of ten years in prison in exchange *1097 for a guilty plea. The plea offer was written in English only. Eristma asked defense counsel why he should accept the offer when he was innocent. Rather than answering the question, defense counsel replied that if Eristma did not accept the offer, they would "go to trial." The interpreter attempted to explain what "going to trial" meant based on Eristma's knowledge of the Haitian judicial system, but defense counsel did not participate in this discussion.
Eristma alleges that he did not understand what defense counsel meant by "go to trial." He also alleges that defense counsel never explained the pros and cons of going to trial, the strength of the State's case, or the possible sentences that could be imposed should he be found guilty at trial. Eristma further alleges that he would have accepted the plea offer had counsel fully informed him of these matters. Because Eristma rejected the plea, he is serving six consecutive life terms and two consecutive thirty-year terms rather than one ten-year term. These allegations state a prima facie case under Cottle. Therefore, the trial court should have ordered an evidentiary hearing on this ground.
We reverse the trial court's order summarily denying relief on ground one of Eristma's motion and remand for an evidentiary hearing on that ground. Should Eristma be successful at the hearing, we would suggest, as the Fifth District did in Lewis, a "good faith resumption of plea negotiations." Lewis, 751 So.2d at 718.
Affirmed in part; reversed in part, and remanded for further proceedings.
PARKER, A.C.J., and WHATLEY and SALCINES, JJ., Concur.