825 So.2d 1023 (2002)
Terry Ray FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1090.
District Court of Appeal of Florida, First District.
September 6, 2002.
*1024 Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
On February 26, 1998, a jury found appellant guilty of one count of armed robbery and two counts of kidnapping. Appellant now challenges the summary denial of his Florida Rule of Criminal Procedure 3.850 motion, alleging that his counsel was ineffective for failing to put forth the defense of voluntary intoxication, for admitting appellant's guilt in his opening statement, and for advising Appellant not to testify in his own defense. As the second claim is facially insufficient and the third claim is refuted by the record, we affirm the ruling on these claims without further discussion. However, appellant's first claim is facially sufficient and should not have been summarily denied.
To show ineffective assistance, an appellant must show that: (1) counsel's performance fell below an objective standard of reasonableness (deficient performance), and (2) but for counsel's errors, the results of the proceedings would have been different (prejudice). See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant met the second Strickland prong by alleging that the outcome of the trial would have been different. Appellant also met the first Strickland prong.
In claims of failure to put forth a voluntary intoxication defense, an appellant sufficiently alleges deficient performance if he alleges either that he told his counsel of a history of substance abuse and record evidence showed that he was intoxicated at the time of the offense, or that he told his counsel that he was intoxicated at the time of the offense. See McKinney v. State, 722 So.2d 933 (Fla. 1st DCA 1998). Here, Appellant sufficiently alleged that he informed his attorney that he was intoxicated at the time of the offense in that he "had been drinking and smoking crack, and he was really messed up." See Hester v. State, 732 So.2d 331 (Fla. 1st DCA 1998) (holding that an appellant sufficiently alleged that he told his counsel that he was intoxicated when he told counsel that on the day of the crime he had consumed a considerable amount of crack and had drunk a large volume of beer, and that he "could not remember too well what happened"); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995) (holding that an appellant sufficiently alleged that he told his counsel that he was intoxicated when he told counsel that he "was high on crack and whiskey").
Voluntary intoxication is a recognized defense to the crimes of armed robbery and kidnapping. See Wilkinson v. State, 750 So.2d 723 (Fla. 1st DCA 2000). Although a defense of voluntary intoxication would contradict a defense of innocence, Appellant did not argue innocence; his allegation that counsel presented no defense at all is supported by the record. There are no attachments from the record which conclusively refute the allegations made by Appellant. Thus, Appellant's *1025 claim of ineffective assistance based on failure to argue a voluntary intoxication defense is facially sufficient and should not have been summarily denied.
Accordingly, we REVERSE and REMAND either for the trial court to attach portions of the record which conclusively refute Appellant's claim or for an evidentiary hearing on counsel's ineffectiveness for failing to put forth a defense of voluntary intoxication.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.