842 So.2d 888 (2003)
Michael Allen AEBI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3329.
District Court of Appeal of Florida, Second District.
February 7, 2003.
SALCINES, Judge.
Michael Aebi appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion on the first three grounds but reverse and remand for further proceedings on the remaining two grounds.
In 1999, Aebi pleaded guilty to delivery of cocaine in exchange for three years' *889 probation. In 2000, his probation was revoked after an evidentiary hearing, and he was sentenced to fifteen years in prison.
In his motion, Aebi claims that his defense counsel was ineffective in failing to investigate witnesses who could testify that he did not willfully and substantially violate his probation. The trial court summarily denied Aebi's claim, finding that it was facially insufficient according to Tyler v. State, 793 So.2d 137 (Fla. 2d DCA 2001). We disagree. Aebi sufficiently identified the witnesses so that his attorney could have located them. He also describes the substance of their testimony by explaining how they could have testified that he did not willfully and substantially violate his probation. Furthermore, he alleges that the omission of their testimony prejudiced him because the court found that he willfully and substantially violated his probation. Therefore, Aebi has sufficiently alleged ineffective assistance of counsel for failure to investigate witnesses. See id. at 141. We reverse and remand for further proceedings as to this claim.
Aebi also claims that his counsel was ineffective in failing to properly advise him of the consequences of proceeding to a hearing on the violation of probation, causing him to reject a favorable plea offer from the State. A defendant is inherently prejudiced by his inability, due to his counsel's neglect, to make an informed decision whether to plea bargain. Cottle v. State, 733 So.2d 963 (Fla.1999). Aebi alleges that he would have accepted a favorable plea offer if he had been properly advised by his counsel of the penalties he faced; therefore, he states a prima facie claim of ineffective assistance of counsel. See Eristma v. State, 766 So.2d 1095 (Fla. 2d DCA 2000). The trial court denied this claim on the basis that Aebi had been advised of the maximum sentence for the charge at his original sentencing in 1999. However, the plea colloquy from the 1999 hearing does not conclusively refute Aebi's claim. It does not address whether Aebi was advised by counsel of the penalties he faced if he rejected the plea and proceeded to a hearing on the violation of probation. Since nothing in the record refutes this claim, we reverse and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
DAVIS and COVINGTON, JJ., Concur.