847 So.2d 543 (2003)
Josephine LOCKLEAR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3387.
District Court of Appeal of Florida, Second District.
May 9, 2003.
Rehearing Denied June 17, 2003.
*544 FULMER, Judge.
Josephine Locklear appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In her motion, Locklear raised five claims of ineffective assistance of counsel. We affirm and write to discuss one claim.
Locklear alleged that her counsel was ineffective for failing to advise her that the defense of voluntary intoxication was available for the offenses of grand theft and burglary. She claimed that she informed her counsel that she was intoxicated at the time she committed the offenses, thus presenting a legally sufficient claim. See Straitwell v. State, 834 So.2d 918 (Fla. 2d DCA 2003); Foster v. State, 825 So.2d 1023 (Fla. 1st DCA 2002). The trial court denied this claim, relying on psychological reports that indicated Locklear could distinguish right from wrong at the time of the offenses. These reports do not conclusively refute her claim because while she may have been able to distinguish right from wrong, she may not have been able to form the specific intent necessary to commit the crimes charged. See Reaves v. State, 826 So.2d 932 (Fla.2002).
However, upon reviewing other portions of the record attached to the trial court's order and Locklear's motion, we conclude that Locklear has failed to demonstrate that she was prejudiced by her counsel's alleged failure. In order to state a successful claim of ineffective assistance of counsel, a defendant must demonstrate that: (1) counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record indicates that Locklear made a taped confession in which she admitted to law enforcement that she entered the house with the intent to steal valuable items, and Locklear admits that this confession was introduced by the State at trial. This confession refutes Locklear's claim that she was prejudiced by counsel's failure because the confession demonstrates that she had the specific intent to commit both offenses. Even if Locklear had advanced the voluntary intoxication defense, a reasonable probability does not exist that the outcome of the proceeding would have been different. Therefore, Locklear's claim is without merit, and we affirm the trial court's order of denial.
Affirmed.
DAVIS and COVINGTON, JJ., Concur.