851 So.2d 839 (2003)
William RUDOLF, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-786.
District Court of Appeal of Florida, Second District.
August 8, 2003.
*840 SILBERMAN, Judge.
William Rudolf appeals the trial court's order summarily denying his amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand (1) for an evidentiary hearing on his claim of ineffective assistance of counsel with respect to the State's plea offers; and (2) for the trial court to vacate the conviction and discharge Rudolf on count four, grand theft, based on a double jeopardy violation (which Rudolf couched as an ineffective assistance claim). We affirm the denial of his ineffective assistance claim with respect to the failure to raise a voluntary intoxication defense, and we affirm the remainder of the trial court's summary denial without discussion.
On September 9, 1999, Rudolf was convicted and sentenced for (1) grand theft motor vehicle; (2) possession of paraphernalia; (3) resisting an officer without violence; and (4) grand theft. He was sentenced to time served on the misdemeanor counts, counts two and three. The trial court imposed a five-year sentence on count one, consecutive to a five-year sentence on count four. This court issued its per curiam affirmance of Rudolf's direct appeal on July 2, 2000. Rudolf filed his amended motion for postconviction relief on July 9, 2001.
The charges arose when the victim, Robert Droud, reported that his truck was stolen from a convenience store parking lot on January 4, 1999. Count one charged the theft of the truck, and count four charged the theft of Droud's personal property (the stereo and tools in the truck). In August 1999, the State offered five years' probation, which Rudolf claims that defense counsel advised him to reject. He asserts that counsel advised him that she could get the charge dropped to unauthorized use of a motor vehicle and that he would get time served or at the most twenty-two months in prison; she did not advise him that he was facing a potential twelve-year term of imprisonment (five years for each third-degree felony and one year for each misdemeanor). He claims that if he had known he was facing twelve years, he would have taken the offer of five years' probation.
On the morning of trial, the State offered five years in prison. The defense rejected the offer and stated that Rudolf only scored 38.7 points and that he would plead out to time served. The trial court explained that under the new Criminal Punishment Code it had the discretion to sentence Rudolf to probation or up to the maximum sentence of twelve years' imprisonment. Defense counsel then asked what *841 happened to the offer of probation. The State explained that when it made the offer a month earlier it did not know that Rudolf had previously been placed on probation for grand theft motor vehicle and that he had violated probation after two weeks by again being charged with grand theft motor vehicle. Defense counsel stated, "I guess we are [going to trial] if we can't plead out to probation."
The trial court ordered the State to respond to Rudolf's amended motion for postconviction relief with respect to the claims of ineffective assistance of counsel. In its response, the State pointed out that the misdemeanor offense of unauthorized temporary use of a motor vehicle was repealed in 1982, citing chapter 82-164, section 2, Laws of Florida. The State admitted that it did not know what discussions occurred between Rudolf and defense counsel. The State argued that the trial court informed Rudolf of the twelve-year maximum, that he rejected the offer of five years in prison just before the trial began, and that "there was no offer of probation on the table at the time of trial."
To prevail on a claim of ineffective assistance of counsel, the defendant must prove "deficient performance by counsel and subsequent prejudice resulting from that deficiency." Cottle v. State, 733 So.2d 963, 965 (Fla.1999) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Defense counsel can be ineffective in failing to properly advise the defendant of a plea offer. Eristma v. State, 766 So.2d 1095, 1096 (Fla. 2d DCA 2000). When the alleged ineffectiveness concerns the rejection of a plea offer, the defendant must prove: "(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence." Cottle, 733 So.2d at 967; see Eristma, 766 So.2d at 1096. The prejudice to the defendant that Strickland requires "is inherent in the defendant's inability to make an informed decision concerning whether to accept the plea offer." Eristma, 766 So.2d at 1096 (citing Cottle, 733 So.2d at 969); see Aebi v. State, 842 So.2d 888 (Fla. 2d DCA 2003).
Here, Rudolf alleged that in August 1999 the State offered him five years of probation. He further alleged that he rejected the offer because his counsel told him that he would get time served, or at most, twenty-two months in prison, when he in fact was facing a potential twelve-year sentence. After trial, the court imposed a consecutive sentence resulting in total prison time of ten years. Thus, the offer of five years' probation and the later offer of five years in prison were less than the sentence he received.
The State points out that it later withdrew the offer of probation. However, the Florida Supreme Court stated in Cottle that "an inherent prejudice results from a defendant's inability, due to counsel's neglect, to make an informed decision whether to plea bargain, which exists independently of the objective viability of the actual offer." Cottle, 733 So.2d at 969. Consequently, Rudolf stated a sufficient claim on counsel's failure to properly convey the plea offer to him, and we reverse the summary denial on this claim and remand for an evidentiary hearing. As to the remedy should he prevail at the evidentiary hearing, we suggest "a `good faith resumption of plea negotiations.'" Eristma, 766 So.2d at 1097 (quoting Lewis v. State, 751 So.2d 715, 718 (Fla. 5th DCA 2000)); see Feldpausch v. State, 826 So.2d 354, 357 (Fla. 2d DCA 2002) (stating that "[t]his court has no authority to require *842 the State to reoffer its original plea offer").
Rudolf contends that trial counsel was also ineffective for failing to move for judgment of acquittal on count four on double jeopardy grounds. This is not a proper claim for ineffective assistance because the double jeopardy violation is fundamental error. Although counsel may have been deficient in failing to assert it, the issue could have been raised on direct appeal, see Johnson v. State, 747 So.2d 1027 (Fla. 2d DCA 1999), and a double jeopardy violation is likewise cognizable as a claim in a rule 3.850 motion. See Tidwell v. State, 790 So.2d 1184 (Fla. 2d DCA 2001); Plowman v. State, 586 So.2d 454 (Fla. 2d DCA 1991). Thus, we treat Rudolf's claim as one asserting a double jeopardy violation as a result of the convictions for grand theft motor vehicle (count one) and grand theft (count four).
In count four the State charged grand theft based on Rudolf taking Droud's "money or property" valued at $300 or more. At trial, the State proved that when Droud's truck was recovered the stereo system was missing, along with some of Droud's work tools. Droud testified that he had installed the stereo system in the truck, and he valued it at well over $300. He also testified that some work tools he referred to as "stilts" were missing and that they were worth about $250. Droud stated that some small tools such as hammers were missing, but he did not place a value on them.
The State is precluded by double jeopardy principles from obtaining convictions on both grand theft of a motor vehicle and grand theft of the contents when "there is one act of taking (of the car and its contents) with no geographic or temporal separation between two acts of taking." Beaudry v. State, 809 So.2d 83, 84 (Fla. 5th DCA 2002); see Sirmons v. State, 634 So.2d 153 (Fla.1994); Johnson v. State, 597 So.2d 798 (Fla.1992). Beaudry was convicted of grand theft of a motor vehicle and grand theft for computer equipment that was in the vehicle at the time Beaudry stole the car. The Fifth District reversed the conviction that was based on the grand theft of the computer equipment on double jeopardy principles. Similarly, Rudolf should not have been convicted of grand theft of the tools in Droud's truck.[1]
We recognize that the Fourth District upheld convictions for grand theft of a motor vehicle and grand theft of clothing in the same car in McInnis v. State, 605 So.2d 153 (Fla. 4th DCA 1992). The McInnis court relied on State v. Getz, 435 So.2d 789 (Fla.1983). However, in Johnson, the supreme court explained that the separate convictions for grand theft of a firearm and petit theft of a calculator in Getz were proper because in that burglary of a dwelling the defendant separately took each item with the intent to take each item. In contrast, Johnson "in one swift motion" wrongfully took a handbag which contained money and a firearm; thus, the supreme court held that his convictions for both grand theft of the money and grand theft of the firearm violated double jeopardy. Johnson, 597 So.2d at 798. Here, Droud left his truck with the keys in it while he went inside a convenience store. Rudolf got in the truck and drove away. He committed one act of stealing a vehicle, *843 with whatever contents might be in it, as did the defendant in Beaudry.
In addition, the State sought to establish the grand theft in count four based on a stereo system that was installed in the truck when the truck was stolen. Rudolf argues that the installed stereo system was a fixed part of the vehicle, like the engine, transmission, doors, windows, lights, and mirrors, and that, in fact, he could not have stolen the truck without the stereo system. He also asserted that to allow a separate grand theft conviction for the stereo system would allow the State to obtain additional grand theft convictions based upon a breakdown of parts of the vehicle that have a value of $300 or more. We agree that the claim of grand theft violates the prohibition against double jeopardy because there was only one act of taking, which was the taking of the truck. See Beaudry, 809 So.2d at 84.
Rudolf's conviction on count four is barred by double jeopardy principles, and is fundamental error which is apparent on the face of our record. Accordingly, no further hearing is necessary before the trial court, and we direct the trial court to vacate the conviction and discharge Rudolf on count four.
Rudolf also claims that counsel was ineffective for failing to raise voluntary intoxication as a defense and for failure to request the voluntary intoxication instruction. At the time the crimes occurred, January 4, 1999, voluntary intoxication was a defense to the specific intent crime of grand theft. See Locklear v. State, 847 So.2d 543 (Fla. 2d DCA 2003); Spivey v. State, 680 So.2d 565 (Fla. 1st DCA 1996); Ch. 99-174, § 1, at 968, Laws of Fla. (creating section 775.051, Florida Statutes, which abrogates voluntary intoxication as a defense, effective October 1, 1999).
A review of the trial transcript reflects, however, that Rudolf testified that he borrowed the truck from Droud in exchange for five pieces of rock cocaine and that Droud wanted the cocaine so that he could give it to a "trick girl" and have sex with her. Rudolf surmised that Droud later claimed his truck was stolen so that his wife would not know he was using cocaine and "playing around with some girl." On cross-examination, Rudolf denied that he stole the truck.
The voluntary intoxication defense is used to negate the specific intent necessary to commit the crimes. See Locklear, 847 So.2d 543. Rudolf's claim, in essence, is that he was innocent because he had the specific intent to borrow the car, and he did not steal it. Thus, any failure to raise a voluntary intoxication defense does not prejudice him when he claims that he did not steal the car, the charge in count one, or the personal property in the car, the charge in count four. See Rivera v. State, 717 So.2d 477, 485 (Fla.1998). Therefore we affirm the trial court's summary denial of this claim.
Affirmed in part, reversed in part, and remanded.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] We note that the State's evidence failed to prove that the tools were worth $300 or more, as is necessary to sustain a grand theft conviction. See § 812.014(2)(c), Fla. Stat. (1999). Rudolf raised counsel's failure to move for judgment of acquittal on this basis as another ground of ineffective assistance; however, we need not consider this claim based on our disposition of the double jeopardy claim.