855 So.2d 691 (2003)
Dennis Keith CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-256.
District Court of Appeal of Florida, Second District.
October 3, 2003.
*692 Bernard F. Daley, Jr., Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Dennis Keith Clark appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing on his claim of ineffective assistance of counsel with respect to the State's plea offer. We otherwise affirm the remainder of the trial court's summary denial without discussion.
Clark was originally charged with and convicted of two counts of capital sexual battery and one count of lewd fondling. In his first direct appeal, Clark was granted a new trial. Clark v. State, 742 So.2d 824 (Fla. 2d DCA 1999). On retrial, Clark was again found guilty as charged and was sentenced to concurrent life sentences on the capital sexual battery convictions and to a consecutive term of ten years' imprisonment on the lewd fondling conviction. Clark appealed and this court affirmed. Clark v. State, 790 So.2d 413 (Fla. 2d DCA 2001).
In the verified motion for postconviction relief filed on behalf of Clark, the summary denial of which is the subject of this appeal, counsel asserted numerous allegations of ineffective assistance of trial and appellate counsel. The trial court properly summarily denied all but one of those allegations which related to a purported plea offer made by the State prior to Clark's retrial.
In the sworn motion, counsel alleged that, prior to retrial, the State offered Clark an opportunity to enter a plea to attempted sexual battery for which Clark would receive a sentence of ten years' incarceration followed by ten years' probation. The motion under oath asserted that, in relaying the plea offer, trial counsel incorrectly advised Clark that he would not be entitled to basic gain time if he entered the plea. The motion further asserted that, but for counsel's erroneous advice, Clark would have accepted the State's offer and entered a plea.
The trial court erroneously found that Clark failed to state a sufficient claim for relief regarding his rejection of the plea offer. See Rudolf v. State, 851 So.2d 839 (Fla. 2d DCA 2003). Clark's verified motion indicates that trial counsel advised him that he was ineligible for basic gain time as a result of the statutory provision *693 which precludes such an award to a defendant convicted of committing a sexual battery on or after October 1, 1992. § 794.011(7), Fla. Stat. (1993). Such advice, if given, was incorrect because Clark could have been eligible for basic gain time on a conviction for attempted sexual battery. See Zopf v. Singletary, 686 So.2d 680, 681-82 (Fla. 1st DCA 1996). Although some other basis might have nonetheless rendered such alleged advice correct in Clark's case, this court cannot make that determination from the record before us.
Thus, this matter is reversed in part and remanded for a limited evidentiary hearing on this single ground of error because the record attachments do not conclusively refute Clark's claim regarding counsel's alleged misadvice concerning the plea offer; Clark's claim is facially sufficient; and prejudice is deemed to inhere in such errors. See Rudolf, 851 So.2d at 839.
Affirmed in part; reversed in part and remanded.
SALCINES, STRINGER and SILBERMAN, JJ., Concur.