THOMPSON, J.
Parker Travaglia appeals the summary denial of his rule 3.850 motion. We find that two of Travaglia’s grounds have merit and reverse the order denying the motion.
Travaglia alleged in his motion that he rejected an early offer of five years’ incarceration because his trial counsel failed to advise him about the Violent Career Criminal Act[1] when they were discussing the *1223 merits of the offer. Travaglia subsequently entered an open plea of guilty to burglary of a conveyance and was sentenced to ten years as a violent career criminal. Travaglia claims that but for counsel’s omission, he would have accepted the five-year plea offer.
Although the trial court found that Travaglia was advised of the Violent Career Criminal Act at the time he entered his open plea, the court did not attach any records refuting Travaglia’s claim that he was not advised of the Act at the time of the earlier plea offer and that, but for counsel’s misadvice, he would have accepted that offer. An attorney’s failure to inform a defendant of the possibility of an enhanced sentence when rejecting a plea offer for a lesser sentence may entitle the defendant to post conviction relief, where the defendant alleges he would have accepted the plea offer if correctly advised. Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000). We conclude that Travaglia’s allegations in this ground are facially sufficient.
Travaglia also claims that counsel was ineffective for failing to advise him that he had a voluntary intoxication defense. He alleged that he had notified counsel that he was under the influence of alcohol and drugs when he committed the charged burglary of a conveyance. The voluntary intoxication defense was available to Travaglia because Travaglia’s crime predated the statute eliminating the defense. See § 775.051, Fla. Stat. (1999).
 Travaglia did not expressly point to any evidence to support a voluntary intoxication defense, but factual allegations in a 3.850 motion must be accepted as true when the trial court denies a claim without an evidentiary hearing and without attaching any records. See Foster v. State, 810 So.2d 910 (Fla.2002). A defendant is not required to point to record evidence of intoxication to support a claim that counsel was ineffective for failing to investigate when advised that defendant was intoxicated at the time of the offense. Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997). See also Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992) (holding that defendant’s claim that counsel failed to investigate intoxication defense when advised that defendant used drugs and alcohol shortly before crime was legally sufficient, although defendant had signed a plea agreement indicating satisfaction with counsel).
As the trial court failed to attach any records refuting these two facially sufficient claims, the order is reversed and the case is remanded for the trial court to either attach records conclusively refuting the claims or to hold an evidentiary hearing.
AFFIRMED in part, REVERSED in part, and REMANDED.
PETERSON and GRIFFIN, JJ„ concur.

. § 775.084(l)(d), Fla. Stat. (2000).