PER CURIAM.
The appellant challenges the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Because we conclude that the appellant’s motion sets forth a colorable claim for relief that is not refuted by the attachments to the order under review, we reverse the order and remand this case to the trial court for further consideration of the appellant’s motion.
The appellant’s allegations may be summarized as follows: The appellant was charged in a two-count information with robbery with a weapon and attempted robbery with a weapon, and he was eligible for sentencing upon conviction as a prison releasee reoffender (PRR). The prosecutor offered to allow him to enter a plea to the offenses and be sentenced to a non-PRR term of twenty years, but his trial counsel advised him that upon entry of a non-negotiated plea of guilty to the offenses the trial court would have discretion to depart below the thirty-year minimum mandatory sentence dictated by the PRR statute and might well sentence him to a term of considerably less than twenty years upon hearing mitigation evidence. This advice was erroneous because, pursuant to State v. Cotton, 769 So.2d 345 (Fla.2000), a trial court has no discretion to depart below the minimum mandatory PRR sentence when a prosecutor seeks PRR sentencing of a defendant who qualifies for sentencing pursuant to the PRR statute. In reliance upon his counsel’s misadvice, the appellant rejected the prosecution’s plea offer and pled guilty to the offenses without any agreement as to the sentence to be imposed. The trial court thereafter imposed the thirty-year minimum mandatory sentence dictated by the PRR statute. If the appellant had been properly advised by his counsel that the trial court would have no discretion to impose a sentence of less than thirty years upon entry of a non-negotiated plea of guilty to the offenses, the appellant would have accepted the prosecution’s plea offer and would have received a lesser sentence than was ultimately imposed.
These allegations sufficiently state a claim of ineffective assistance of counsel. See, e.g., Travaglia v. State, 864 So.2d 1221 (Fla. 5th DCA 2004); Clark v. State, 855 So.2d 691 (Fla. 2d DCA 2003); Tidwell v. State, 844 So.2d 701 (Fla. 1st DCA 2003); Ash v. State, 767 So.2d 1260 (Fla. 1st DCA 2000); Webb v. State, 757 So.2d 608 (Fla. 5th DCA 2000). See also Cottle v. State, 733 So.2d 963 (Fla.1999). Nothing in the trial court’s order or the attachments to it conclusively refutes this claim. Indeed, the transcripts of the plea and sentencing proceedings would appear to confirm the appellant’s trial counsel’s incorrect understanding of the PRR statute.
The order under review is therefore reversed and this case is remanded to the trial court for further consideration of the appellant’s motion.
BOOTH, BARFIELD and ALLEN, JJ., concur.