[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16399
Non-Argument Calendar

_____

D. C. Docket No. 05-00271-CV-ORL-31JGG

ELI H. CORTES,

Petitioner-Appellant,

versus

DONALD SHERMAN GLADISH,
SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2007)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

I.

Eli Cortes, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his petition for habeas relief, brought pursuant to 28 U.S.C. § 2254.

II.

Cortes was convicted of multiple counts of heroin trafficking and sentenced to thirty years imprisonment. His convictions were affirmed on direct appeal. Cortes v. State, 827 So.2d 1012 (Fla. Dist. Ct. App. 2002). Cortes then filed a motion for post-conviction relief under Florida Rule of Criminal Procedure ("Rule") 3.850, alleging ineffective assistance of counsel for (a) failure to challenge the state prosecutor's jurisdiction, (b) conflict of interest, (c) failure to file a motion to suppress testimony, (d) failure to move for judgment of acquittal, and (e) failure to challenge the sentence after the written sentence differed from the oral pronouncement. The state court summarily denied the motion on the merits without an evidentiary hearing. Cortes then filed a notice of appeal from the denial of his Rule 3.850 motion, but his appellate brief addressed only the conflict of interest and sentencing issues. The state court affirmed. Cortes v. State, 857 So. 2d 893 (Fla. Dist. Ct. App. 2003). Thereafter, Cortes filed a Rule 3.800 motion to

correct an illegal sentence and a state habeas petition, both of which were denied. He then filed the instant § 2254 petition in federal district court alleging the same five issues raised in his Rule 3.850 motion.

The state responded to the § 2254 petition by arguing that Cortes had not exhausted his state remedies with respect to issues (a), (c), and (d) because, when he appealed the denial of his state post-conviction motion, his appellate brief did not address these issues. The state further asserted that Cortes could not show cause and prejudice or a miscarriage of justice to overcome the default. The district court dismissed the petition. The district court denied issue (b) on the merits, concluded that it could not review issue (e) because federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures, and found that issues (a), (c), and (d) were procedurally defaulted because Cortes had not raised them in his appeal from the denial of his Rule 3.850 motion and Cortes could not show cause and prejudice or a miscarriage of justice to overcome the default.

Cortes requested a certificate of appealability (" COA"), which both the district court and this court denied. Upon reconsideration, this court granted a COA on the following issue: Whether the district court erred in finding appellant's ineffective-assistance-of-counsel claims procedurally defaulted because appellant,

in appealing the summary denial of his Fla. R. Crim. P. 3.850 motion for post-conviction relief, failed to address those claims in his appellate brief, filed pursuant to Fla. R. App. P. 9.14(b)(2)(C)?

## III.

We review a district court's denial of a habeas corpus petition de novo.[1] Fortenberry v. Haley, 297 F.3d 1213, 1219 (11th Cir. 2002). A district court's dismissal of a habeas claim for procedural default is also reviewed de novo. Id. Exhaustion presents a mixed question of law and fact, subject to de novo review. Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990).

## IV.

Cortes argues that the district court erred by dismissing his § 2254 petition because he exhausted all issues by appealing the denial of his state Rule 3.850 motion. He argues that he was not required to file an appellate brief when he appealed the denial of the 3.850 motion, and that his decision to file a brief focusing on two of the issues did not render the remaining issues abandoned.

Before filing a federal habeas action, a state prisoner must exhaust state court remedies, either on direct appeal or in a state post-conviction motion. 28

---

[1] Cortes filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Catille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989).

Generally, procedural default can arise in two ways: (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) when the petitioner never raised the claim in state court, and it is obvious that the state courts would hold it to be procedurally barred if it were raised now. Federal habeas courts are precluded from deciding the merits of a claim that is procedurally barred, except in two circumstances: (1) where the petitioner makes a showing of adequate cause and actual prejudice, or (2) where the failure to consider the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50, 111 S.Ct. 2546, 2564-65 (1991); Marek v. Singletary, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

In this case, Florida Rule of Appellate Procedure 9.141(b)(2) provides that in appeals from the summary judgment denial of a Rule 3.850 motion without an evidentiary hearing, "[n]o briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal.

5

The court may request a response from the appellee before ruling." Fla. R. App. P. 9.141(b)(2)(c).

Cortes's appeal did not follow an evidentiary hearing, and, therefore, he was not required to file an appellate brief. Furthermore, his decision to do so and to address only some of the issues does not waive the remaining issues raised in his Rule 3.850 motion. See Webb v. State, 757 So.2d 608, 609 (Fla. Dist. Ct. App. 2000). Therefore, Cortes did exhaust his state remedies prior to filing his § 2254 petition. In contrast, had Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver.[2]

Although the state court reached the merits of Cortes's issues (a), (c), and (d) when it denied the post-conviction motion, the district court made no factual findings when it dismissed these claims as procedurally defaulted.

Accordingly, we VACATE and REMAND and instruct the district court to address Cortes's issues (a), (c), and (d).

---

[2] The various cases cited by the government to support its claims that Webb is inconsistent with other Florida case law is misplaced as the other cases involve defendants who received an evidentiary hearing.