974 So.2d 1149 (2008)
Alvin HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2916.
District Court of Appeal of Florida, Third District.
February 13, 2008.
Philip R. Horowitz, for appellant.
Bill McCollum, Attorney General, for appellee.
*1150 Before SHEPHERD, SUAREZ, and LAGOA, JJ.
SUAREZ, J.
This is an appeal of a summary denial of a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part and remand for an evidentiary hearing consistent with this opinion.
Appellant, Alvin Harris, raised four grounds in his Rule 3.850 motion. We affirm grounds one through three, but reverse and remand for an evidentiary hearing solely on ground four, appellant's claim for ineffective assistance of counsel for failure to properly advise him of sentencing exposure in the event of revocation of probation.
In 1993, the appellant pled guilty to lewd assault and attempted sexual battery on a minor. He was sentenced to 364 days in jail, two years of community control, and ten years of probation during which time he was to enroll in and complete the Mentally Disordered Sexual Offender (MDSO) Treatment Program. As ordered, the appellant entered into the MDSO program and participated fully for more than nine years. His violation of probation arose when Dr. Sczechowicz, the Director of the MDSO program, concluded that the appellant could not successfully complete the program because his mental impairment (low I.Q.) prevented him from completing the technical requirements of the course, specifically, taking and passing a polygraph test. The trial court, at the revocation of probation hearing, concluded that the appellant's conduct in that regard was willful and not involuntary and sentenced the appellant to twenty-five years in prison. This Court affirmed that decision on appeal. See Harris v. State, 898 So.2d 1126 (Fla. 3d DCA 2005).
Appellant has now raised four grounds for relief pursuant to Rule 3.850, only one of which has substance. Appellant claims that his trial counsel, prior to the revocation of probation hearing, failed to properly advise him about the plea offers.
It would appear, based on the record, that the plea offers made to the appellant prior to the revocation of probation hearing concerned extensions of the probationary sentence. None of the apparent offers included jail time. Counsel for the appellant at the probationary hearing filed an affidavit wherein she states that she did not anticipate or advise the appellant that the trial court could find that he willfully violated his probation and sentence him to prison. During plea negotiations, the prosecutor never expressed any desire for incarceration. All negotiations concerned merely extending the length of probation in the event the appellant admitted violation. The defense attorney states that the prosecutor's last offer prior to hearing was for an additional five-year probation period. She states that in discussing the prosecution's offers with the appellant she never advised him that in the event of revocation he could face prison time. Had she known that the appellant would face prison time in the event of revocation of probation, she states she would have advised him to accept the plea offer, which he would have done.
The failure of trial counsel to properly advise a defendant about a plea offer by the State can constitute an ineffective assistance of counsel. Cottle v. State, 733 So.2d 963 (Fla.1999); Eristma v. State, 766 So.2d 1095 (Fla. 2d DCA 2000); Varela v. State, 711 So.2d 1343 (Fla. 3d DCA 1998); Steel v. State, 684 So.2d 290 (Fla. 4th DCA 1996); Young v. State, 608 So.2d 111, 112 (Fla. 5th DCA 1992). Defendant must be sufficiently informed so that he or she understands the consequences *1151 of the plea; an "inherent prejudice results from a defendant's inability, due to counsel's neglect, to make an informed decision whether to plea." Cottle, 733 So.2d at 969.
A defendant who elects to go to trial or to have a probation violation hearing and who then receives a sentence greater than the plea offered by the State must prove, concerning ineffective assistance of counsel, that his counsel failed to communicate or misinformed him about a plea offer, that he would have accepted the plea offer had he been correctly advised, and that his acceptance of the plea offer would have resulted in a lesser sentence. Cottle, 733 So.2d at 967; Varela, 711 So.2d at 1345; Young, 608 So.2d at 113. The record indicates, and the affidavit in particular makes clear, that an evidentiary hearing should have been held on the sole issue of whether counsel was ineffective for failing to properly advise defendant of the plea offers and possible sentencing consequences of going forward with the hearing. See Steel, 684 So.2d at 291 (finding that a claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel, requiring evidentiary hearing); Cowart v. State, 864 So.2d 583 (Fla. 3d DCA 2004) (based on counsel's misadvice, defendant rejected a favorable twenty-four-month plea offer and the court subsequently sentenced him to twenty years as a habitual offender. As the record did not conclusively refute the defendant's claim, the cause was remanded for an evidentiary hearing on that issue only).
Therefore, we reverse for an evidentiary hearing solely on the issue whether defendant's counsel, prior to the revocation of probation hearing, failed to properly advise the defendant of his sentencing exposure in the event of revocation, and that absent the deficient conduct, the result would have been different. In the event the trial court finds that the defendant was not properly advised, we would suggest, as the court in Eristma stated, "a good faith resumption of plea negotiations." Eristma, 766 So.2d at 1097. We affirm the remaining issues.
Affirmed in part, reversed in part and remanded with instructions.