PER CURIAM.
Affirmed. We do not believe the trial court erred in denying appellant’s motion for post-conviction relief predicated on his counsel’s failure to advise him during the course of plea negotiations that the penalty he faced upon conviction could be enhanced. Initially, we note that appellant's *1036 testimony reflects a complete lack of familiarity with the plea negotiations, so that the trial court would have had to speculate as to what appellant would have done had he been properly advised. Hence, appellant has failed to meet the strict requirements set out in Knight v. State, 394 So.2d 997 (Fla.1981). We also note that once the appellant’s lawyer realized the potential consequences, the state refused to extend the same terms to appellant, as it had a right to do, and insisted upon going to trial. The appellant claims no trial error, and the trial court was, in no position to compel the state to extend the same plea offer, even if it determined that appellant would have accepted such offer. In short, there is no claim here that appellant did not receive a fair trial and we cannot put him back in a position of evaluating a plea offer long since withdrawn. This case is unlike that of Castro v. State, 419 So.2d 796 (Fla. 3d DCA 1982) where the defendant was clearly prejudiced when it was shown that he had entered a guilty plea on the basis of an erroneous calculation of the penalties he faced. See also Beckham v. Wainwright, 639 F.2d 262 (5th Cir.1981).
ANSTEAD, C.J., and LETTS and GLICKSTEIN, JJ., concur.