559 So.2d 630 (1990)
Charles DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3135.
District Court of Appeal of Florida, Fourth District.
February 14, 1990.
On Rehearing or Clarification May 2, 1990.
Charles Davis, Polk City, pro se.
No appearance required for appellee.
PER CURIAM.
This is the second time this appeal from denial of a motion for relief under Florida Rule of Criminal Procedure 3.850 is before this court. The motion complained of ineffective assistance of trial counsel. In our April 12, 1989, opinion, Davis v. State, 540 So.2d 943 (Fla. 4th DCA 1989), we found the motion was legally sufficient. Denial of a motion alleging ineffective assistance of counsel is proper where the trial court attaches portions of the record refuting the defendant's allegations. Squires v. State, 513 So.2d 138 (Fla. 1987); Taylor v. State, 505 So.2d 28 (Fla. 4th DCA 1987). Because the trial court failed to include those attachments, we reversed and remanded with directions to either hold an evidentiary hearing or attach to the order those portions of the record which refuted appellant's claims.
On remand, the trial court chose the latter option. Once again we reverse and remand. We have reviewed all of appellant's claims and find only three merit an evidentiary hearing as the attachments to the order do not refute those claims. On remand, the trial court is directed to hold an evidentiary hearing to determine whether appellant's trial attorney rendered him ineffective assistance of counsel as to his claims of defense counsel's (1) failure to advise him of his right to a speedy trial and waiver of such without consent, (2) failure to discuss the possibility and nature of a plea bargain, and (3) urging appellant to plead guilty and then coercing him to go to trial.
REVERSED AND REMANDED.
GUNTHER, WARNER and POLEN, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
ORDERED that Appellee's February 27, 1990 motion for rehearing or clarification is granted, in part, as to failure to advise appellant of his right to speedy trial. Accordingly, the opinion of February 14, 1990, is modified to exclude that issue.