COWART, Judge.
Based on a jury verdict, the defendant, a person over 18 years of age, was convicted of a sexual battery upon a person less than 12 years of age, in violation of section 794.011(2), Florida Statutes, which provides in relevant part:
A person 18 years of age or older who commits a sexual battery upon ... a person less than 12 years of age ... commits a capital felony, punishable as provided in ss. 775.082 and 921.141. Section 775.082(1), Florida Statutes, provides in part:
(1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole ...
A Category 2 guidelines scoresheet was prepared which reflected a guidelines sentence of ten years. The trial judge announced that he was going to impose, over the State’s objection, a sentence which did not follow the statute but which followed the guidelines and proceeded to sentence the defendant to ten years’ imprisonment, followed by ten years’ probation.
The State appeals and the defendant cross appeals.
Sexual battery on a child under twelve years of age is a capital felony punishable by life imprisonment with a minimum of twenty-five years imprisonment. It is not a life felony and is not subject to a guideline sentence; it is not scored within the guidelines. Rusaw v. State, 451 So.2d 469 (Fla.1984); Brosz v. State, 466 So.2d 256 (Fla. 5th DCA 1985).
Laster v. State, 486 So.2d 88 (Fla. 5th DCA 1986).
The defendant’s conviction is affirmed but his sentence is vacated and the cause remanded to the trial court for resentenc-ing with instructions to impose, pursuant to section 775.082(1), Florida Statutes, a sentence of life imprisonment with the minimum mandatory requirement that he serve no less than 25 years before becoming eligible for parole.[1]
SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH and COBB, JJ., concur.

. See Caulder v. State, 500 So.2d 1362, 1366 (Fla. 5th DCA 1986), rev. denied, 511 So.2d 297 (Fla.1987), cert. denied, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988); State v. Row, 478 So.2d 430 (Fla. 5th DCA 1985); State v. Samudio, 460 So.2d 419 (Fla. 2d DCA 1984).