ON MOTION FOR REHEARING
PER CURIAM.
Nothing in appellant’s motion for rehearing has shaken our confidence in the correctness of our affirmance of the trial judge’s decision denying rule 3.850 relief. We take the moment necessary, however, to' emphasize the basis for our conclusion.
Appellant has cast his ineffective assistance of trial counsel claim as a denial of due process, arguing that the limitation on cross-examination of a key state’s witness denied him a fair trial. To the extent that his claim really involves an unarticulated contention that his trial counsel was deficient in not advancing as a ground for the attempted cross-examination the same contention made by appellant in his rule 3.850 motion, we think the motion is equally deficient. After all, whether a claim of ineffective assistance of trial counsel is bottomed solely on the Sixth Amendment right to counsel, or instead on the Fifth Amendment right to due process, we think the following applies with equal force:
[Strickland] further emphasized that defense counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment and that strategic choices after thorough investigation of the law and facts are virtually unchallengeable.
Dobbert v. State, 456 So.2d 424, 428 (Fla.1984); see also Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant has failed to allege anywhere in his motion that counsel’s failure to make the same argument that he does today was anything other than a strategic choice made by his counsel after thorough investigation.
MOTION FOR REHEARING DENIED.
DOWNEY and FARMER, JJ., and OWEN, WILLIAM C. Jr., Senior Judge, concur.