608 So.2d 111 (1992)
Terry Lee YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1110.
District Court of Appeal of Florida, Fifth District.
October 30, 1992.
Terry Lee Young, Raiford, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
This is the appeal of the summary denial of a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Appellant has raised nineteen grounds in his pro se motion for post-conviction relief, only one of which has substance. In ground 17, appellant asserted that trial counsel rendered ineffective assistance by:
failing to convey a plea bargain negotiation consisting of three (3) years imprisonment followed by ten (10) years probation and in following, [sic] convey a latter *112 [sic] plea bargain negotiation to the Defendant consisting of five (5) years imprisonment with no mention of probation while counseling the Defendant that he was charged with a second (2d) degree felony and faced a potential seven and one half (7 1/2) years maximum imprisonment ...
In his prayer for relief, appellant asserted:

The second [plea offer] consisted in terms of five (5) years imprisonment with no mention of probation, which was applied against a counseled seven and one half (7 1/2) years maximum imprisonment potential and therefore was not entered into. (emphasis in original)
The crime with which appellant was charged, and subsequently convicted at trial, was sexual battery of a child under age twelve, a capital offense. At sentencing, appellant complained about his trial counsel's failure to communicate plea offers and misinformation about the sentence he faced. Over the state's objection the trial court refused to sentence the defendant under the controlling statute, which required a minimum mandatory term of 25 years, instead sentencing him under the guidelines to ten years imprisonment with ten years probation. On appeal, this sentence was vacated, State v. Young, 579 So.2d 380 (Fla. 5th DCA 1991), and, as instructed, on remand the lower court sentenced defendant to the 25 year minimum mandatory term.
Courts appear uniformly to hold that the failure of trial counsel to communicate or to communicate correctly the facts and merits of a plea bargain offered by the state may warrant relief to a criminal defendant. Davis v. State, 559 So.2d 630 (Fla. 4th DCA 1990); Martens v. State, 517 So.2d 38 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla. 1988); Ginwright v. State, 466 So.2d 409 (Fla. 2d DCA 1985). See also Turner v. Tennessee, 858 F.2d 1201 (6th Cir.1988), vacated on other grounds, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989); Johnson v. Duckworth, 793 F.2d 898 (7th Cir.), cert. denied, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435 (3d Cir.1982); Beckham v. Wainwright, 639 F.2d 262 (5th Cir.1981); Williams v. Arn, 654 F. Supp. 226 (N.D.Ohio 1986); United States v. Turchi, 645 F. Supp. 558 (E.D.Pa. 1986), affirmed, 815 F.2d 697 (3rd Cir.1987); Elmore v. State, 285 Ark. 42, 684 S.W.2d 263 (1985); Davis v. State, 559 So.2d 630 (Fla. 4th DCA 1990); Martens v. State, 517 So.2d 38 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla. 1988); Ginwright v. State, 466 So.2d 409 (Fla. 2d DCA 1985); People v. Saunders, 135 Ill. App.3d 594, 90 Ill.Dec. 378, 482 N.E.2d 85 (1985); Young v. State, 470 N.E.2d 70 (Ind. 1984); State v. Kraus, 397 N.W.2d 671 (Iowa 1986); People v. Carter, 190 Mich. App. 459, 476 N.W.2d 436 (1991), appeal denied, ___ Mich. ___, 482 N.W.2d 712 (1992); People v. Alexander, 136 Misc.2d 573, 518 N.Y.S.2d 872 (1987); State v. Simmons, 65 N.C. App. 294, 309 S.E.2d 493 (1983); Commonwealth v. Copeland, 381 Pa.Super. 382, 554 A.2d 54 (1988), appeal denied, 523 Pa. 640, 565 A.2d 1165 (1989); Pennington v. State, 768 S.W.2d 740 (Tx.App. 1988); State v. James, 48 Wash. App. 353, 739 P.2d 1161 (1987); Tucker v. Holland, 174 W. Va. 409, 327 S.E.2d 388 (1985); State v. Ludwig, 124 Wis.2d 600, 369 N.W.2d 722 (1985).
Most of these courts have not addressed directly the peculiar problems and potential for abuse inherent in the circumstance where a criminal defendant has received a fair trial and a lawful sentence but then seeks post-conviction relief claiming that before trial a plea offer more favorable than his sentence had not been communicated to him or he had been misadvised concerning the penalty he faced. The situation in such a case is unlike one where appellant claims he was induced to accept a plea based on some alleged error or omission of counsel, for that defendant can expect nothing better than a trial on the charge and a lawful sentence, if convicted. In a case such as this, on the other hand, a defendant who elects to go to trial and receives a sentence greater than the plea offered by the state has nothing to lose by alleging he was not properly advised. Perhaps in tacit recognition of this problem, courts have been exacting in what a defendant *113 is required to claim, and, ultimately, to prove, in such cases.
In Zelinsky, one of the leading cases, a claim for ineffective assistance of counsel was held to be adequate where it was alleged that a specific plea offer had not been communicated to the defendant; that, had it been communicated, it would have been accepted, and had it been accepted, defendant's sentence would have been less. 689 F.2d at 437. In contrast, in Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992), the court found the prisoner's application for relief to be inadequate because he never claimed that he would have accepted the plea; he merely alleged that he "would have had to be insane not to." These cases illustrate that the required showing of "prejudice"[1] will be strictly applied in such cases. In such circumstances, the claim of prejudice should be positive, specific and factual.[2]
In the brief filed on behalf of appellant in the direct appeal, counsel set forth the following, citing to the record:
The state attorney, Ms. Mills who tried the case informed the court that she recalled speaking with Mr. Shumaker, and that the notes in the file reflect that Judge Belvin Perry had approved an offer of attempted sexual battery which would have been a first-degree felony and believed the offer was around three years incarceration followed by ten years probation with extensive counseling. (emphasis in original).
The state did not dispute this recitation of the contents of the record; rather the state urged such issues were more properly raised in a Rule 3.850 motion. In the context of the proceedings in this court, therefore, we conclude that this pro se appellant's allegations are barely sufficient to warrant a hearing to determine what the facts are. Appellant must prove his counsel failed to communicate a plea offer or misinformed him concerning the penalty he faced,[3] that had he been correctly advised he would have accepted the plea offer, and that his acceptance of the state's plea offer would have resulted in a lesser sentence.[4]
REVERSED; REMANDED.
GOSHORN, C.J., concurs.
DIAMANTIS, J., concurs specially with opinion in which GOSHORN, C.J., concurs.
DIAMANTIS, Judge, concurring specially.
I concur in the majority opinion. However, I would emphasize that appellant must specifically prove that the trial court would have accepted a plea to a lesser included offense and would have accepted the plea offer regarding the negotiated sentence as required by rules 3.170(g) and 3.172(f) of the Florida Rules of Criminal Procedure.
GOSHORN, C.J., concurs.
NOTES
[1] See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
[2] Florida law is in accord. In Duggan v. State, 588 So.2d 1054 (Fla. 1st DCA 1991) the defendant claimed that he was induced to enter into a plea agreement based on his counsel's erroneous advice concerning gain time. The court refused to require an evidentiary hearing finding the allegation of ineffective assistance facially insufficient because the defendant failed to allege that if he had been correctly advised he would not have entered his plea. Id.
[3] As previously noted, appellant's offense carried a minimum mandatory sentence. Further, any purported offer for a plea to a lesser offense was subject to court approval. Fla.R.Crim.P. 3.170(g).
[4] Because of the procedural posture of this case, we pretermit consideration of the appropriate remedy if the appellant is successful in his claim of ineffective assistance of counsel. We note that a California appellate court has recently decided this issue in a lengthy opinion that discusses the few cases that have tackled the remedy problem. People v. Pollard, 2 Cal. App. 4th 1090, 282 Cal. Rptr. 588, rev. granted, 286 Cal. Rptr. 778, 818 P.2d 61 (1991).