691 So.2d 602 (1997)
Ernesto GONZALES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3250.
District Court of Appeal of Florida, Fourth District.
April 16, 1997.
*603 Ernesto Gonzales, Sneads, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was convicted of aggravated assault on a law enforcement officer, resisting arrest with violence, and resisting arrest without violence, as a result of commanding his dog to attack a sheriff's deputy. He was sentenced as a habitual offender to ten years imprisonment on each count to run concurrently. His direct appeal was affirmed, and he then filed a rule 3.850 motion seeking post-conviction relief because his counsel was ineffective in advising him to reject the plea bargain offer of five years. His motion alleged in that regard:
Trial counsel advised the defendant to reject the state's plea bargain offer of (5) years, and that the defendant should proceed to a jury trial. Counsel informed the defendant that she would win the case and that there was no sense in accepting the state's plea offer of (5) years. This resulted in prejudice to the defendant, as he was convicted on all charges at jury trial. Defendant asserts that, but for counsel's erroneous advice, he would have accepted the state's offer of (5) years incarceration and would not have gone to a jury trial.
The trial court summarily denied his motion, and he appeals. We affirm.
Courts in Florida, as well as other jurisdictions, have uniformly held that failure of trial counsel to correctly communicate a plea bargain may constitute ineffective assistance of counsel. Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992), and cases cited therein. In reversing a summary denial of Young's rule 3.850 motion, the court outlined what he would have to establish in order to be entitled to relief:
Appellant must prove his counsel failed to communicate a plea offer or misinformed him concerning the penalty he faced, that had he been correctly advised he would have accepted the plea offer, and that his acceptance of the state's plea offer would have resulted in a lesser sentence.
Id. at 113 (footnotes omitted).
Appellant in the present case does not claim that he was not told about the plea offer, or that he was misadvised about his possible sentence. He alleges only that his counsel was ineffective because she recommended that he go to trial. Our research does not reveal any case from Florida, or any other jurisdiction, in which post-conviction relief was granted under these circumstances.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court, noting that even the best criminal defense lawyers do not necessarily agree on how to defend a particular client, held that a defendant claiming ineffective assistance of counsel must demonstrate that counsel fell below an "objective" standard of reasonableness. Id at 688, 104 S.Ct. at 2064-65. Tactical or strategic decisions of counsel do not constitute ineffective assistance. Gonzalez v. State, 579 So.2d 145 (Fla. 3d DCA 1991); Marshall v. State, 606 So.2d 500 (Fla. 4th DCA 1992). See also Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.
Just as good lawyers can disagree on trial tactics, they can also disagree on whether to advise a client to go to trial. One reason why there can be such wide disagreement is the lack of predictability as to what a jury in a given case will do. A jury can decide to acquit a defendant whom it knows is guilty, and that decision is not subject to review. A jury can also find a defendant guilty of a lesser included offense, when the evidence *604 shows that the defendant committed only the greater offense, and not the lesser. Predicting results in criminal cases is thus much more difficult than in civil cases, where the absence of evidence to support findings of fact is subject to review by the trial judge as well as an appellate court.
We do not, therefore, believe that the allegation of ineffective assistance of counsel in this case is capable of being evaluated by any "objective" standard of reasonableness as contemplated by Strickland. It was, rather, a tactical or strategic decision, which cannot be the basis of an ineffective assistance of counsel claim. Accordingly, even if appellant could prove his allegation, it would not entitle him to relief.
We have reviewed appellant's other claims and find them to be without merit. We therefore affirm.
STONE and POLEN, JJ., concur.