712 So.2d 414 (1998)
Jose Luis ROSA, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0151.
District Court of Appeal of Florida, Fourth District.
May 20, 1998.
Rehearing Denied June 30, 1998.
Jose Luis Rosa, West Palm Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant filed a motion for postconviction relief which alleged several instances of ineffectiveness of trial counsel. The trial *415 court summarily denied the motion. One of the appellant's claims was that his attorney was ineffective for failing to advise him of a favorable plea offer made by the state prior to trial. The appellant asserts that he would have accepted this offer had he been so advised. The record excerpt attached to the order of denial does not conclusively refute this claim. Therefore, as to this claim we reverse. We affirm as to the remaining claims.
Prior to the commencement of the appellant's trial, the state had conveyed a plea offer to defense counsel. At trial, prior to the time when the appellant was present, the following exchange took place:
MR. GALO [prosecutor]: Just for the record, Your Honor, the State has extended me [sic] an offer in this matter and the defendant does reject it. I just want to make it on record that Mr. Lasley has extended that plea offer to the defendant and he has rejected the same; is that correct?
MR. LASLEY [defense counsel]: I am only going to answer questions from the Court....
The trial court did not ask defense counsel to answer the question. Therefore, the record is silent on the question of whether the plea offer was communicated to the appellant.
We recently noted in Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA), rev. denied, 700 So.2d 685 (Fla.1997), that the failure of defense counsel to communicate a plea bargain may constitute ineffective assistance of counsel. See id. at 603 (citing Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992)). In Van Dyke v. State, 697 So.2d 1015, 1015 (Fla. 4th DCA 1997), we reversed an order denying a rule 3.850 motion because appellant alleged that his defense counsel had failed to relate a plea offer. In the instant case, the appellant alleges that: he was not told of the plea offer; had he known about the plea, he would have accepted it; and his sentence would have been less than what he received after trial. Under Young and Gonzales, this is sufficient to warrant an evidentiary hearing on the issue.[1]
WARNER, KLEIN and GROSS, JJ., concur.
NOTES
[1] Just as the court in Young speculated on the available remedy for this ineffectiveness claim, see 608 So.2d at 113 n. 4, we too are concerned about the available remedy. Compare Johnson v. State, 452 So.2d 1035 (Fla. 4th DCA 1984), with In re Alvernaz, 2 Cal.4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747 (1992). We asked the state to comment on these cases. However, the state responded that any discussion of a remedy was premature. If we were to follow Johnson, remand for a hearing may be unnecessary if no remedy is available. Nevertheless, based upon the state's response, we do not further evaluate this issue.