731 So.2d 74 (1999)
William WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04813.
District Court of Appeal of Florida, Second District.
April 7, 1999.
*75 PER CURIAM.
William White appeals the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. White's motion argued that he received ineffective assistance of trial counsel in three respects. His first two claims lacked merit, and we affirm the circuit court's resolution of them without discussion.
We reverse on the third issue, based on White's sworn allegation that he informed his trial counsel that he agreed to the State's plea offer for 52 months' incarceration, but counsel delayed in communicating his acceptance until after the State had withdrawn the offer. White asserted that, but for counsel's inaction, he would have received a sentence which was less severe than the one imposed after his trial.
Florida courts uniformly have held that trial counsel's failure to communicate a plea offer to the client can constitute ineffective assistance of counsel. See, e.g., Rosav. State, 712 So.2d 414 (Fla. 4th DCA 1998); Karg v. State, 706 So.2d 124 (Fla. 1st DCA 1998); Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997); Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992). We have found no reported Florida decision addressing counsel's failure to convey the client's acceptance of a plea offer to the State, but we conclude that such an omission can constitute ineffective assistance of counsel. Cf. Ginwright v. State, 466 So.2d 409 (Fla. 2d DCA 1985) (denying defendant information and opportunity to make voluntary and informed rejection of plea bargain offer may constitute substantial omission by defense counsel). In this respect, then, White stated a facially sufficient claim of ineffective assistance of counsel. Cf. Rosa, 712 So.2d at 415 (reversing summary denial of postconviction motion based on allegations that defendant was not told of plea offer, that he would have accepted the plea offer if he had known of it, and that his sentence would have been less than what he received after trial).
Further, the record before us fails to rebut White's assertions. When denying this claim, the circuit court relied on a bench warrant issued for White's arrest after he failed to appear for a hearing on August 12, 1996. The court reasoned that White could have accepted the plea offer prior to trial if he had attended court that day. But the record indicates that the circuit court would entertain a negotiated plea only until August 9, 1996. This suggests that White's failure to appear on August 12, 1996, did not interfere with the timely acceptance of the State's offer.
Because the attachments to the order fail to refute White's prima facie showing that he was prejudiced by ineffective assistance of counsel, we reverse. On remand, the circuit court may either attach record documentation conclusively demonstrating that White is not entitled to relief, or hold an evidentiary hearing on his allegations.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.