852 So.2d 368 (2003)
Terry L. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1233.
District Court of Appeal of Florida, Fifth District.
August 15, 2003.
*369 Terry L. Young, Raiford, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
Terry L. Young was convicted in 1985 of sexual battery on a person less than twelve years of age, in violation of section 794.011(2), Florida Statutes (1983). The State appealed his sentence, and Young cross-appealed his conviction. The State obtained relief; Young did not. State v. Young, 579 So.2d 380 (Fla. 5th DCA 1991). After his resentencing, Young did not appeal.
Young now appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Counting both his state and federal cases, this is his thirteenth collateral action in the courts regarding his 1985 conviction. Young's argument this time is either the same argument he has made before in our case nos. 5D92-1110, 5D95-2285, and 5D00-333, or a slight variation thereof. As a result, this court issued a Spencer[1] show cause order, asking why Young should not be denied further pro se access to this court for any proceedings to further attack his 1985 conviction and sentence. Young marshaled many arguments in response, none of which changes our initial conclusion that this appeal is frivolous and an abuse of process. As it has for others, the number thirteen has proven to be unlucky for Young. See Harvey v. State, 836 So.2d 1102 (Fla. 5th DCA 2003); Johnson v. State, 652 So.2d 980, 980 (Fla. 5th DCA 1995) ("The number thirteen proves unlucky for petitioner."); see also Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough."); O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA 1997) (Criminal Appeal Reform Act of 1996 establishes intent of Legislature that the terms and conditions of collateral review and procedural bars to collateral review be strictly enforced).
Because his appeals are dissipating limited judicial resources, and we expect they will continue, Terry L. Young is prohibited from filing with this court any further pro se pleadings or papers concerning Circuit Court Case No. CR85-2897. Any further pleadings or papers regarding that case will be summarily returned by the Clerk of this Court, unless that pleading or paper is filed by a member in good standing of The Florida Bar.
AFFIRMED.
SAWAYA, C.J., and SHARP, W., J., concur.
NOTES
[1] State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings for good cause if it first provides a pro se litigant notice and an opportunity to respond).