PER CURIAM.
Appellant challenges the summary denial of his rule 3.850 motion for post-conviction relief based upon alleged ineffective assistance of counsel. We reverse because the record does not conclusively refute Appellant’s allegations.
Appellant alleges that the State offered to allow him to plead guilty to unlawful sale and delivery of cocaine in exchange for an agreed sentence of 18 months in prison. Appellant further alleges that he accepted this offer, communicated his acceptance of the offer to his trial counsel, but that his counsel did not inform the State that he had accepted the offer. As a result, Appellant contends that the State withdrew the offer and he subsequently was forced to accept a plea offer of five years in prison.
These allegations state a prima facie claim of ineffective assistance of counsel. White v. State, 731 So.2d 74 (Fla. 2d DCA 1999). Therefore, unless conclusively refuted by the record, Appellant is entitled to an evidentiary hearing.
We therefore reverse the lower court’s order and remand this cause with instructions that the lower court either conduct an evidentiary hearing on the claim or attach specific portions of the record that conclusively refute Appellant’s allegations.
REVERSED AND REMANDED.
ORFINGER and TORPY, JJ., concur.
GRIFFIN, J., concurs and concurs specially with opinion.