992 So.2d 364 (2008)
Robert L. STEPHENS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D08-1793.
District Court of Appeal of Florida, Fifth District.
October 3, 2008.
Robert L. Stephens, Avon Park, pro se.
No Appearance for Respondent.
PER CURIAM.
Robert L. Stephens' 1996 robbery conviction and fifteen-year habitual felony offender sentence were affirmed on appeal. Stephens v. State, 688 So.2d 933 (Fla. 5th DCA 1997). He has since litigated his case in numerous postconviction filings. In his current petition for writ of mandamus, Stephens argues that the circuit court did not have subject matter jurisdiction to try him because the Information failed to allege that the property stolen and received was worth more than the amount required to vest jurisdiction in the circuit court. We rejected this argument when Stephens raised it for the first time more than three years ago. Stephens v. State, 902 So.2d 818 (Fla. 5th DCA), petition dismissed, 906 So.2d 1059 (Fla.2005).
Based on his excessive previous filings and his current successive claim, this court issued a Spencer show cause order directing *365 Stephens to demonstrate why he should not be denied further pro se access to this court for any proceeding to further attack the conviction and sentence rendered below in Orange County Circuit Court case number 1995-CF-13314. See State v. Spencer, 751 So.2d 47 (Fla.1999). Stephens declined to respond. We have arrived at the juncture where it is apparent that Stephens is abusing the judicial process by his successive attacks upon his conviction and his habitualized sentence. See, e.g., United States v. Robinson, 251 F.3d 594, 596 (7th Cir.2001) (incessant filings of frivolous motions impose costs both in time and paperwork, burdening the court's staff and delaying disposition of meritorious pleadings); Baker v. State, 878 So.2d 1236, 1243 (Fla.2004) (a limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment, and to restore the public's confidence in our criminal justice system); Britt v. State, 931 So.2d 209, 210 (Fla. 5th DCA 2006) (defendant's pro se filings were frivolous, an abuse of process, and a waste of the taxpayers' money).
Therefore, in order to conserve our strained postconviction judicial resources, and in accordance with the Criminal Appeal Reform Act of 1996, we hereby prohibit Robert L. Stephens from filing with this court any further pro se pleadings concerning Orange County Circuit Court case number 1995-CF-13314. The Clerk of this court is directed not to accept any further pro se filings concerning this case. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough.").
The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2007); Simpkins v. State, 909 So.2d 427 (Fla. 5th DCA 2005).
DENIED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
GRIFFIN, SAWAYA, and ORFINGER, JJ., concur.