SAWAYA, J.
 

 In December 1974, Christopher J. Wells committed strong-arm robbery, was arrested, and was charged with that offense. The jury found him guilty, and on June 12, 1975, he was sentenced to life in prison. He did not appeal. At last count, Wells has filed three rule 3.800(a) motions, a habeas petition, and nine rule 3.850 motions. In light of his numerous previous filings, we concluded his motion and this appeal were without legal merit and constituted an abuse of process, requiring a show cause order under
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 

 
 *1256
 
 In response to this court’s order, Wells reargued the alleged merits of his claim involving various versions of the early 1970s robbery and sentencing statutes, this time arguing primarily the 1971 law, Chapter 71-136, which both amended the robbery statute and enacted the sentencing statutes, classifying felonies by degrees for the first time in Florida. Amazingly, Wells asserts that it was only in “December 2008, through the exercise of due diligence it was discovered the change in the statute 813 Ch. 71-136 which was unknown to defendant and his Attorney.”
 

 Even if we were to somehow conclude that Wells could not have discovered, in 1975, the changes in the law made by Chapter 71-136, he certainly could have done so in 1996, when he was arguing about a 1974 amendment to the robbery statute. At that time, with due diligence, he could have looked into the entire history of both statutes and all their amendments. This court has examined the various permutations of the robbery and sentencing statutes in the 1970s, and their effective dates, in conjunction with the timing of Wells’ crime, and it is clear his claim is without merit.
 

 This case is a prime example of the frequent, routine misuse and abuse of the post-conviction system with which, unfortunately, the court system is not unfamiliar. “The number thirteen proves unlucky” for Wells, as it has for others,
 
 Johnson v. State,
 
 652 So.2d 980, 980 (Fla. 5th DCA 1995);
 
 accord Young v. State,
 
 852 So.2d 368 (Fla. 5th DCA 2003);
 
 Harvey v. State,
 
 836 So.2d 1102 (Fla. 5th DCA 2003), and we, accordingly, prohibit Wells from filing with this court any further pro se pleadings concerning Ninth Judicial Circuit Court Case No. 1974-CF-3408. The Clerk of this court is directed not to accept any further pro se filings from Wells concerning this case. Any more pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See
 
 Isley v. State,
 
 652 So.2d 409, 411 (Fla. 5th DCA 1995) (“Enough is enough.”).
 

 The Clerk of this court is further directed to forward a certified copy of this opinion to the appropriate institution for disciplinary procedures as provided in section 944.09, Florida Statutes (2008). See
 
 Stephens v. State,
 
 992 So.2d 364, 365 (Fla. 5th DCA 2008). We also note that, on more than one occasion, Wells has made untrue statements under oath in his motions.
 
 See
 
 §§ 944.279-.28(2)(a), (b), Fla. Stat. (2008);
 
 Oquendo v. State,
 
 2 So.3d 1001, 1007 (Fla. 4th DCA 2008) (“Unless a credible threat of sanctions exists, postconviction movants have little incentive against saying whatever they choose in postconviction proceedings, regardless of truth. An organized system of justice cannot operate without respect for truth.”).
 

 AFFIRMED.
 

 TORPY, J. and COBB, W., Senior Judge, concur.