COHEN, J.
 

 Walter Clayton Morris appeals the trial court’s order summarily denying his post-conviction claims filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant’s postconviction motion asserted ten grounds of ineffective assistance of counsel and one claim of prosecutorial misconduct. The prosecutorial misconduct claim is not cognizable in a postconviction motion and was properly denied.
 
 See
 
 Fla. R. Crim. P. 3.850(c);
 
 Sampson v. State,
 
 845 So.2d 271, 272 (Fla. 2d DCA 2003). With the exception of the grounds raised in claims two, three and nine, Appellant’s claims were correctly denied because they were either conclusively refuted by the record or Appellant did not establish prejudice. Accordingly, we affirm in part and reverse in part.
 

 Pursuant to a plea agreement, Appellant was convicted in one case
 
 [1]
 
 of aggravated assault on a law enforcement officer and received a five-year sentence; in a second case,
 
 [2]
 
 he was convicted of aggravated battery with a firearm and aggravated assault with a firearm and received ten-year and five-year sentences, respectively.
 

 The trial court denied Appellant’s second and third claims as facially insufficient. However, when an initial rule 3.850 motion is determined to be legally insufficient for failing to “meet the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion. [T]he proper procedure is to strike the motion with leave to amend within a reasonable period.”
 
 Spera v. State,
 
 971 So.2d 754, 761-62 (Fla.2007). We therefore reverse the portions of the trial court’s order denying relief as to Appellant’s second and third claims, and direct that the trial court strike the claims with leave to amend within a reasonable period if Appellant can do so in good faith.
 

 We also find merit to Appellant’s ninth claim that his counsel misadvised him regarding the State’s three-year plea offer in case number 2008-CF-520. Appellant alleged that his counsel advised him not to accept the three-year offer because he could negotiate a sentence of twenty-four to thirty months at the most. He also alleged that he was willing to accept the three-year plea offer, but does not articulate whether he unequivocally told his counsel to accept the offer, which counsel failed to do. Following a three-month defense continuance, he returned to court to learn that the State had withdrawn the three-year offer and the new offer was ten years. Neither assertion is refuted by the record. The trial court denied this claim because the State, in fact, withdrew the offer before it was accepted.
 

 Counsel’s failure to convey a client’s acceptance of a plea offer to the State can constitute ineffective assistance of counsel.
 
 White v. State,
 
 731 So.2d 74 (Fla. 2d DCA 1999). Further, an ineffective assistance of counsel claim can be based on counsel’s advice to reject a plea offer.
 
 Morgan v. State,
 
 991 So.2d 835 (Fla.2008);
 
 Colon v. State,
 
 909 So.2d 484 (Fla. 5th DCA 2005). In
 
 Birch v. State,
 
 961 So.2d 1112 (Fla. 5th DCA 2007), we
 
 *698
 
 held that a defendant was entitled to an evidentiary hearing on a claim that counsel was ineffective for failing to accept a plea offer before the State withdrew it because the claim was not conclusively refuted by the record. Accordingly, we reverse the portion of the trial court’s order denying relief as to his ninth claim and remand for the trial court to either attach those portions of the record that conclusively refute Appellant’s claims, or to hold an evidentia-ry hearing.
 
 Bland v. State,
 
 25 So.3d 600 (Fla. 1st DCA 2009).
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . Case no. 2008-CF-380.
 

 [2]
 

 . Case no. 2008-CF-520.