WELLS, Judge.
The State of Florida appeals from an order granting Juan Medina’s motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Because we find that Medina failed to satisfy the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we reverse.
In case number F05-26150, Medina was charged with possession of cocaine with intent to sell. On September 6, 2005, Medina entered a negotiated plea and was placed on drug offender probation. While on probation, Medina was arrested and charged with attempted second-degree murder with a firearm and misdemeanor battery in case number F06-2603. The alleged victim of these crimes was Medina’s girlfriend, with whom he was living at the time.
Following his arrest on these charges, the State sought to revoke Medina’s probation in case number F05-26150, asserting that Medina had violated the conditions of his probation by: (1) committing the offense of attempted second-degree murder; (2) committing the offense of battery; and (3) being in possession of a firearm while on probation.[1] The probation case was set for a probation violation hearing while the new substantive case was still pending. Medina’s primary de *946 fense was that his probation should not be revoked because he was acting in self-defense when he shot his girlfriend.
The testimony at the probation revocation hearing came from three witnesses: Medina’s probation officer, his girlfriend, and his girlfriend’s sister. The probation officer testified as to the terms of Medina’s probation, which required him to refrain from engaging in any further criminal acts and from possessing, owning, or carrying any firearm. Medina’s girlfriend testified that during a verbal altercation at her apartment, Medina punched her in the face giving her two black eyes and that, when she attempted to flee the apartment with her child, Medina locked himself in a bedroom with the keys to her car. She further testified that after she pried the bedroom door open with a knife and a fork, Medina grabbed her by the arms, causing her to drop the knife and fork, reached for a gun and shot her in the neck. The girlfriend’s sister testified that Medina had called her a number of times immediately after the shooting, first telling her that the girlfriend had been shot while she and Medina were playing around, but later admitting that the gun had gone off during an argument. At no time did Medina ever tell the sister that he shot his girlfriend in self-defense. Medina called no witnesses at the probation violation hearing and did not testify on his own behalf.
Finding that the State had established by a preponderance of the evidence that Medina had violated the conditions of his probation by possessing a firearm, and by committing attempted second-degree murder, and by committing misdemeanor battery, the trial court revoked Medina’s probation and sentenced him to fifteen years in state prison on the underlying drug offense in case number F05-26150. On October 28, 2008, Medina entered a nolo contendere plea to the attempted second-degree murder and misdemeanor battery charges in case number F06-2603. As part of that plea, the parties stipulated that the plea would be set aside if the revocation of his probation in case number F05-26150 was overturned either on appeal or in any post-conviction proceeding.
This court subsequently affirmed revocation of Medina’s probation in case number F05-26150. Medina v. State, 7 So.3d 1111 (Fla. 3d DCA 2009). Medina then filed the instant Rule 3.850 post-conviction motion seeking to vacate the probation revocation order. In that motion, Medina argued that trial counsel was ineffective in advising him not to testify at the revocation hearing without telling him it was his right to do so, and that had he been so advised of that right and the risks and benefits of testifying, he would have testified and would have established that he acted in self-defense. According to Medina, he would have testified that what started out as play resulted in him locking himself in the bedroom to avoid further conflict with his girlfriend and that when she kicked the bedroom door open and came at him with a steak knife, he grabbed a gun and accidentally shot her. He also claimed that had he been allowed to so testify, that the testimony of two detectives, detectives Simpo and Byrd, would have bolstered his defense by confirming that after the shooting the girlfriend had told them that the events were initiated during “play-fighting,” and that the girlfriend had initially stated that the shooting was an accident.
Although Medina’s motion addresses the attempted second-degree murder charge and defense counsel’s alleged failure to present Medina’s testimony to establish self-defense for the shooting, there is no allegation that defense counsel’s performance was deficient with regard to the other violations of probation: possessing a fire *947 arm and committing a battery upon Medina’s girlfriend.[2]
To prevail on a post-conviction motion claiming ineffective assistance of counsel, a defendant must show not only that counsel’s performance was deficient, but also that the defendant was prejudiced by the deficient performance:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the results unreliable.
Strickland, 466 U.S. at 687,104 S.Ct. 2052; see also Whitfield v. State, 923 So.2d 375, 379 (Fla.2005) (confirming that an ineffective assistance claim under Strickland has two “prongs,” deficient performance and prejudice stemming therefrom, and that both prongs must be established to justify post-conviction relief).
Following an evidentiary hearing, the court below granted Medina’s motion for post-conviction relief and vacated his convictions and sentences in both cases, finding that Medina’s counsel was ineffective (1) because “there is no record evidence from the probation [violation] proceeding, such as a colloquy by the judge, that the defendant was made aware of his right to testify, and that he himself made the requisite knowing and intelligent decision to waive his right to testify,” and (2) because “the record is completely devoid of the issue [of the potential benefits and risks of testifying, particularly with regard to Mr. Medina’s self-defense claim] ever having been addressed with [Medina].”[3] The first of these conclusions does not satisfy the first Strickland prong because there is no requirement that a defendant waive the right to testify on the record or be colloquied on the issue to assure he has made a knowing and voluntary waiver.[4] See Lawrence v. State, 831 So.2d 121, 131-32 (Fla.2002) (concluding that counsel’s performance was not deficient for failing to obtain a “waiver of [a defendant’s] right to testify on-the-record to ensure that the waiver was knowing and intelligent”). The second conclusion is simply and conclusively refuted by the record. The attorney who represented Medina at the probation revocation hearing testified at the post-conviction evidentiary hearing that he explained to Medina that, in light of the pending case on the substantive attempted murder charge, it would be in Medina’s *948 best interest not to testify at the revocation proceeding to avoid compromising his defense at the upcoming attempted murder trial. This same attorney also testified that he made it “clear to Mr. Medina that the decision to testify or not was his and not [his attorney’s],” and when asked whether “he [Medina] was satisfied with what was going on ... and whether he [Medina] wanted to testify,” Medina said no. Therefore, and contrary to the trial court’s order, the record is not “completely devoid” of evidence on this issue. We nonetheless assume that, by ruling as it did, the court rejected the testimony of Medina’s counsel.
However, even assuming that counsel’s performance was deficient in this regard, Medina still would be entitled to no relief because he failed to satisfy the prejudice prong enunciated in Strickland. See Oisorio v. State, 676 So.2d 1363, 1364-65 (Fla.1996) (holding that “in order to obtain postconviction relief, a defendant claiming his or her right to testify was violated must show that counsel’s performance was deficient and that the deficient performance prejudiced the defense”). “In order to establish the prejudice prong under Strickland, ‘[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ ” Preston v. State, 970 So.2d 789, 803 (Fla.2007) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). Considering the totality of the evidence in this case, that burden was not met. See Williamson v. State, — So.3d —, 38 Fla. L. Weekly S278, 2013 WL 1830934 (Fla.2013) (“ ‘In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.’ ” (quoting Strickland, 466 U.S. at 695, 104 S.Ct. 2052)).
Medina’s Rule 3.850 motion focused solely on purported deficiencies in counsel’s representation regarding the attempted second-degree murder charge. That motion does not address how counsel’s representation was deficient as to the other two grounds on which his probation was revoked: the gun possession and the battery charges. While the post-conviction motion in a single footnote does state that “[t]he gun is an antique,” the motion does not state how counsel was deficient in failing to establish this as a fact, and does not allege how Medina would have established that the gun was an antique had he been properly advised and allowed to testify at the revocation hearing. See § 790.001(1), (6) Fla. Stat. (2006) (defining “antique firearm” as “any firearm manufactured in or before 1918 ... or replica thereof, whether actually manufactured before or after the year 1918, and also any firearm using fixed ammunition manufactured in or before 1918, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade,” and providing that “[t]he term ‘firearm’ does not include an antique firearm unless the antique firearm is used in the commission of a crime”). Based on the record, this failure most likely may be ascribed to the fact that, at the evidentiary hearing, Medina’s lawyer testified without contradiction that the gun was not an antique.
In fact, Medina’s defense to the gun violation charge was not that the gun was an antique but that possession of it is purportedly a specific intent crime and that because Medina believed the gun was an antique he did not have the requisite intent and could not, therefore, have violated his probation. Indeed, the totality of his testimony on this subject at the eviden-tiary hearing was that he “thought it [the gun] was an antique.”
*949 Medina’s attorney was not deficient for failing to establish this “fact.” The transcript of the probation revocation confirms that Medina’s attorney elicited testimony from Medina’s girlfriend that Medina believed the gun was an antique. This testimony — elicited without having to call Medina as a witness and subjecting him to cross-examination and creation of a record that might be used against him in the upcoming battery and attempted second-degree murder trial — makes cumulative any testimony from Medina to the same effect and thus negates any finding of Strickland prejudice. See Jones v. State, 928 So.2d 1178, 1187 (Fla.2006) (stating “[ejounsel does not render ineffective assistance by failing to present cumulative evidence”). And, as the transcript of the evidentiary hearing confirms, had Medina testified at the probation revocation hearing that he believed the gun was an antique, the State would have elicited from him on cross-examination that which-he admitted on cross-examination at the evi-dentiary hearing: (1) that he knew the gun was operative; (2) that he had discharged it once before at the apartment he shared with his girlfriend; and (3) because he lived in a dangerous neighborhood, he carried this gun with him every day for personal protection. Medina’s counsel’s representation regarding this ground was not deficient and his probation was properly revoked for this reason alone, making it impossible for Medina to demonstrate the prejudice necessary to entitle him to post-conviction relief.
The same analysis applies to the third ground on which Medina’s probation was revoked, the misdemeanor battery charge. As with the gun possession charge, Medina’s Rule 3.850 motion does not assert that his attorney’s representation regarding this aspect of the probation violation was deficient. Nor did he testify at the evidentiary hearing what testimony he would have given at the probation revocation hearing to exculpate himself on this charge had he been allowed to testify at the probation violation hearing. To the contrary, he admitted at the evidentiary hearing that he and his girlfriend had gotten into a “physical altercation prior to the shooting,” that the altercation “escalated to the point” of becoming “physically violent between the two of [them],” and that his girlfriend “ended up with a black eye” because he “punched her in the eye.” This is hardly exculpatory.[5] More to the point, this testimony was not elicited to demonstrate any shortcoming in counsel’s representation regarding this claim. This testimony went instead solely to support Medina’s claim that he acted in self-defense when he shot his girlfriend: that is, that “a moment of horse-playing turned into a serious struggle between [the girlfriend] and [Medina]” after which he locked himself in the bedroom where the girlfriend came after him with a knife impelling him to shoot her in self-defense. Because no deficiency in counsel’s representation regarding the battery charge was alleged or demonstrated below, Medina was unable to demonstrate the prejudice required by Strickland to entitle him to post-conviction relief.
In short, even if counsel’s performance was deficient[6] in failing to advise Medina as to the benefits and risks of taking the *950 stand to assert self-defense as to the attempted second-degree murder charge (prong 1 of Strickland), his probation still would have been properly revoked on the gun possession and battery charges. See Green v. State, 19 So.3d 449, 449-50 (Fla. 2d DCA 2009) (concluding that while the evidence was insufficient to support violation of probation on one condition of probation, it nevertheless was sufficient to support revocation based on violation of three other conditions); Casana v. State, 546 So.2d 794, 795 (Fla. 3d DCA 1989) (affirming revocation of probation where, even though there was insufficient evidence to revoke defendant’s probation based on conspiracy to traffic in cocaine, the evidence “was more than sufficient to revoke the defendant’s probation for trafficking in cocaine and for failure to file monthly probation reports”). For this reason, the prejudice Strickland prong was not met.
Moreover, we cannot discern, from either the evidentiary hearing transcripts or the court’s written order, any finding of prejudice with respect to counsel’s representation on the attempted second-degree murder charge. Rather, it appears the court below expressly avoided making such a determination, finding that “[tjhis Court, does not, at this time, address the credibility of Mr. Medina’s specific testimony regarding his claim of self-defense.”
Accordingly, because we find that Medina failed to satisfy Strickland’s two-pronged test for evaluating an ineffective assistance of counsel claim, we reverse and remand with instructions to reinstate the vacated judgments and convictions in case numbers F05-26150 and F06-2603.
Reversed and remanded with instructions.

. See Fla. Stat. § 948.03(1)(1) (2006) (general condition of probation prohibiting a probationer from possessing, carrying or owning any firearm).

. As to the firearm possession, Medina’s motion, in a footnote, alleges the firearm was an "antique.” No further allegation is made in support of this contention.

. The trial court expressly rejected Medina’s argument that counsel was ineffective for failing to call officers Byrd and Simpo.

. It should be noted that the trial court, prior to commencing the probation violation hearing, did colloquy Medina on the defense’s decision not to call any witnesses at the hearing. Had the court, at the conclusion of the State’s case, colloquied the defendant on the record regarding whether he wished to testify in his own defense, it might well have eliminated any basis for the post-conviction claim. The Florida Supreme Court has approved of the use of such a colloquy, when directed to one of the four decisions a defendant has unilateral right to make: (1) to plead guilty or not guilty; (2) to waive trial by jury: (3) to testify in his or her own behalf; and (4) to appeal. See Nixon v. State, 758 So.2d 618, 623-25 (Fla.2000), reversed on other grounds, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004).

. It must also be kept in mind that the standard of proof at a probation violation hearing is preponderance of the evidence, a significantly lower standard than that required at trial. In assessing the Strickland prejudice prong, the defendant has the burden of establishing a reasonable probability that the outcome of the probation violation hearing would have been different. Given the lesser standard to be met by the State at a probation violation hearing, the defendant’s burden to establish a reasonable probability of a different outcome is proportionally higher.

. Because we find no Strickland prejudice has been established, it is unnecessary for us to determine whether Medina established counsel’s performance was deficient in this regard.