PER CURIAM.
Aaron Hope appeals a final order summarily denying his sworn motion for post-conviction relief. As to Hope’s eleven issues on appeal, we affirm without discussion the denial of the claims that gave rise to appellate Issues Two through Five and Seven through Eleven., We issued an order pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), directing the State to show cause why the claims raised in appellate Issues One and Six should not be remanded to the post-conviction court for an evidentiary hearing, and affording Hope an opportunity to reply to the State’s response. Having reviewed the response and reply relating to the “jury instruction” claim raised in appellate Issue Six, we affirm the denial of relief on that issue. Agreeing with the State’s concession of error in the post-conviction court’s summary denial of appellate Issue One, we reverse that part of the order and remand for an evidentiary hearing on that issue only.
Appellate Issue One, which arose from Ground One in the Rule 3.850 motion, dealt with the claim of ineffective assistance based on trial counsel’s failure (1) to promptly ascertain Hope’s wish to accept the State’s seven-year plea offer and (2) to convey Hope’s decision to the prosecutor before the offer expired. Given the record evidence that Hope was sentenced to more than seven years’ incarceration, the State recognizes that the post-conviction court’s order and attachments did not conclusively refute the possibility that trial counsel performed deficiently, resulting in prejudice *131 to the defense. Cf White v. State, 731 So.2d 74, 75 (Fla. 2d DCA 1999) (reversing and remanding for reconsideration of post-conviction claim that trial counsel was ineffective for the delay in communicating to the State the defendant’s acceptance of the State’s 52-month plea offer until after the State withdrew its offer, where the defendant alleged he would have received a less severe sentence than the one imposed after the trial).
The final order is AFFIRMED in part, REVERSED in part, and REMANDED for an evidentiary hearing as to appellate Issue One only.
THOMAS, RAY, and OSTERHAUS, JJ., concur.