IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRETT FOURNIER,

      Appellant,

v.                                                                          Case No.  5D16-2329

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 2, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Christi L. Underwood, Judge.

Matthews R. Bark, Altamonte Springs,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente and
Douglas T. Squire, Assistant Attorneys
General, Daytona Beach, for Appellee.


PER CURIAM.

      Brett Fournier appeals the trial court's order summarily denying his amended

motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure

3.850.  Fournier argues that the records attached by the court to the denial order do not

conclusively refute his claim that his trial counsel was ineffective when counsel failed to

timely convey Fournier's acceptance of the plea offer from the State.  Having not heard

from Fournier, the State revoked its offer, and Fournier eventually received a longer prison sentence than the sentence previously offered by the State. We reverse the order on appeal.

In his amended motion, Fournier specifically alleged that he had received a plea offer from the State of ten years' incarceration in this case, to be served concurrently with a fifteen-year prison sentence imposed in an unrelated case. Fournier further alleged that he accepted the State's offer and so advised his counsel but that counsel never relayed this acceptance to the prosecutor prior to the offer being revoked by the State. Lastly, Fournier asserted that if his counsel had timely conveyed his acceptance, the State would not have revoked the offer, the trial court would have accepted its terms, and, as a result, Fournier's sentence would have been less severe than his present prison sentence.

"To uphold [a] trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." *Foster v. State*, 810 So. 2d 910, 914 (Fla. 2002) (quoting *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999)). Furthermore, because no evidentiary hearing was held, "we must accept the defendant's factual allegations as true to the extent that they are not refuted by the record." *Occhicone v. State*, 768 So. 2d 1037, 1041 (Fla. 2000) (citing *Peede*, 748 So. 2d at 257 (additional citations omitted)).

"Counsel's failure to convey a client's acceptance of a plea offer to the State can constitute ineffective assistance of counsel." *Morris v. State*, 50 So. 3d 696, 697 (Fla. 5th DCA 2010) (citing *White v. State*, 731 So. 2d 74 (Fla. 2d DCA 1999)). In *Birch v. State*, 961 So. 2d 1112 (Fla. 5th DCA 2007), we determined that allegations in a rule 3.850

2

motion for postconviction relief that were similar to those raised here stated a prima facie claim of ineffective assistance of counsel that, unless conclusively refuted by the record, entitled the defendant to an evidentiary hearing. *Birch*, 961 So. 2d at 1112.

Although the trial court did attach some court records to its denial order, we find that the records do not conclusively refute Fournier's claim. Accordingly, we reverse the order on appeal and remand with instructions that the trial court either conduct an evidentiary hearing on Fournier's claim or attach additional portions of the record that conclusively refute the claim.

REVERSED and REMANDED.

BERGER, LAMBERT, and EDWARDS JJ., concur.