# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1276
LT Case No. 2018-CF-004676-A

_____

MARQUIS XAVIER GOODWIN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Duval County.
R. Anthony Salem, Judge.

Susanne K. Sichta and Rick A. Sichta, of The Sichta Firm, LLC,
Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Adam B. Wilson,
Assistant Attorney General, Tallahassee, for Appellee.


April 4, 2025

PER CURIAM.

    Marquis Xavier Goodwin appeals the summary denial of his
Florida Rule of Criminal Procedure 3.850 motion. In his motion,
Goodwin alleged, among other claims, that his trial counsel was
ineffective for (1) failing to subpoena for trial alibi witness Jessica
Adams; and (2) failing to offer any evidence in mitigation at

sentencing. We reverse the summary denial as to these grounds. We otherwise affirm.

*The Alibi Witness*

Goodwin alleges that Jessica Adams, his former girlfriend, would have testified at trial that he was with her at all times relevant to the crime in this case and that this testimony would have changed the outcome of the trial. Goodwin further alleges that Adams would testify that a taser used in the crime was hers, and that Goodwin's DNA was found on the taser because he handled it before she lent it to the person who committed the crime.

In summarily denying this claim, the postconviction court reasoned that the Adams' alibi testimony would not change the outcome of trial. The postconviction court concluded that Goodwin cannot show prejudice because Adams' alibi testimony is cumulative, and more importantly, cell phone records indicate that Adams' and Goodwin's phones were not in the same location at all relevant times.

Although the postconviction court attached records, the records do not conclusively refute this claim. *See* Fla. R. Crim. P. 3.850(f)(5) ("If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order."); *Maxwell v. State*, 169 So. 3d 1264, 1265 (Fla. 5th DCA 2015) ("To uphold the [postconviction] court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." (citations omitted)). While the other alibi witnesses testified that Goodwin was with Adams, they did not actually see them together for much of the relevant time frame. Indeed, the postconviction court acknowledged that Adams' alleged testimony would have provided more information than the other two witnesses.

And more importantly, the cell phone records do not conclusively refute the claim because those records do not reveal whether Adams might have some explanation for why the records indicate her phone was in a different location than Goodwin at

certain relevant times. *Cf. Fournier v. State*, 204 So. 3d 976, 977 (Fla. 5th DCA 2016) ("Although the trial court did attach some court records to its denial order, we find that the records do not conclusively refute Fournier's claim.").[1]

*Failure to Present Mitigation Evidence at Sentencing*

Goodwin alleges that he faced up to a life sentence as a Habitual Felony Offender, and that his counsel failed to investigate or offer evidence in mitigation at sentencing.[2] *E.g.*, *Caballero v. State*, 132 So. 3d 369, 372 (Fla. 4th DCA 2014) (noting "failure to present available mitigating evidence at a sentencing hearing can be a sufficient postconviction claim"). In summarily denying this claim, the postconviction court reasoned that Goodwin was not prejudiced because he qualified as a prison releasee reoffender ("PRR").

While Goodwin does not dispute that he qualified as a PRR, the PRR designation only required a mandatory minimum sentence of 30 years. But Goodwin received a 40-year sentence. Therefore, the fact that Goodwin qualified as a PRR does not conclusively refute his claim that mitigation evidence at sentencing would have resulted in a lesser sentence.

AFFIRMED in part, REVERSED in part, and REMANDED.

EISNAUGLE, HARRIS, and BOATWRIGHT, JJ., concur.

---

[1] We recognize that the postconviction court attached the closing arguments, which reference other evidence, to the order. However, "closing arguments are not evidence." *Wilson v. State*, 311 So. 3d 964, 967 (Fla. 1st DCA 2020); *Jenkins v. State*, 189 So. 3d 866, 870 (Fla. 4th DCA 2015) ("[T]he statements of counsel during opening statements and closing arguments are not evidence[.]").

[2] Goodwin describes the potential mitigation testimony and alleges that he brought several witnesses to counsel's attention.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____