# Third District Court of Appeal
## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1683
Lower Tribunal Nos. F20-11939B, F17-362, F10-20534
_____

**Fabian Charles Nathanials,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Fabian Charles Nathanials, in proper person.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before FERNANDEZ, BOKOR, and GOODEN, JJ.

PER CURIAM.

Appellant Fabian Charles Nathanials challenges the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850.  He alleged that his counsel failed to timely convey to the State that he accepted the plea offer of seventeen years imprisonment.  According to him, this led to the plea being withdrawn and a higher offer given.  As relief, he sought specific performance and reinstatement of the prior offer.

"Counsel's failure to convey a client's acceptance of a plea offer to the State can constitute ineffective assistance of counsel." Morris v. State, 50 So. 3d 696, 697 (Fla. 5th DCA 2010).  See also Birch v. State, 961 So. 2d 1112, 1112 (Fla. 5th DCA 2007); White v. State, 731 So. 2d 74, 75 (Fla. 2d DCA 1999).  "To prevail on a post-conviction motion claiming ineffective assistance of counsel, a defendant must show not only that counsel's performance was deficient, but also that the defendant was prejudiced by the deficient performance."  State v. Medina, 118 So. 3d 944, 947 (Fla. 3d DCA 2013).  Accord Strickland v. Washington, 466 U.S. 668, 687 (1984).  To establish prejudice on a lost plea, a defendant must show,

> (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

2

Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013).

But where, as here, the record conclusively refutes the defendant's allegations, the trial court may summarily deny the motion. Peede v. State, 748 So. 2d 253, 257 (Fla. 1999); Fla. R. Crim. P. 3.850(f)(5). The record shows that, while the State initially made the offer, it withdrew it when it realized that the trial court would not have accepted any plea less than the mandatory minimum—twenty-five years. Even Nathanials' counsel conceded that "we knew we couldn't even approach the court with that. So I talked to my client. . . ." What is more, during that same exchange, Nathanials expressly accepted the twenty-five year offer and did not mention the prior offer. And so, we affirm.

Affirmed.